IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CJ GRISHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-716-Y |
| | § | |
| TIM O'HARE, ET AL, | § | |
| | § | |
| Defendants. | § | |

---

## DEFENDANT TARRANT COUNTY'S MOTION TO DISMISS FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

---

**KATHERINE OWENS**
State Bar No. 2408168
**CRAIG M. PRICE**
State Bar No. 16284170
**Assistant Criminal District Attorneys**

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS
Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1409 – Telephone
817-884-1675 – Facsimile
keowens@tarrantcountytx.gov
cmprice@tarrantcountytx.gov

**ATTORNEYS FOR DEFENDANT
TARRANT COUNTY**

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ......................................................................................................... iii

I.      INTRODUCTION  ............................................................................................................... 1

II.     PLAINTIFF'S ALLEGATIONS ......................................................................................... 2

III.    LEGAL STANDARDS ........................................................................................................ 4

        A.  Motion to Dismiss ................................................................................................... 4

        B.  Qualified Immunity ................................................................................................. 5

        C.  *Monell* Liability ..................................................................................................... 6

IV.     ANALYSIS ........................................................................................................................... 7

        A.  Plaintiff failed to Allege a Plausible First Amendment Claim under *Monell* ........................... 7

            1.  Plaintiff did not sufficiently allege a facially unconstitutional  challenge to the
                Rules of decorum ......................................................................................... 8
            2.  Prohibitions on profanity are constitutionally permissible in a limited public forum ........ 9
            3.  Plaintiff failed to adequately plead a First Amendment claim against the Deputies ........ 11
            4.  Plaintiff failed to properly identify a final policy maker or moving force ........................ 13

        B.  Plaintiff's First Amendment Right to Record Was not Sufficiently Alleged .......................... 14

        C.  Plaintiff did not Adequately Allege  a *Monell* Claim Under the Second Amendment ............ 16

        D.  Plaintiff did not Adequately Plead Failure to Train or Supervise ......................................... 21

        E.  Section 1985(3) Conspiracy Claims are Barred by the Intracorporate Conspiracy
            Doctrine ................................................................................................................... 23

        F.  Section 1983 Bars Punitive Damages Against Tarrant County ............................................... 24

  V.    PRAYER ............................................................................................................................... 25

  Signature .................................................................................................................................. 25

  Certificate of Service .............................................................................................................. 26

**TABLE OF AUTHORITIES**

Page(s)

Cases

*Adderley v. Florida*,
385 U.S. 39 (1966) ................................................................................................. 10

*Alexander v. S. Health Partners, Inc.*,
No. 3:22-CV-0395-X, 2023 WL 3961704 (N.D. Tex. June 12, 2023) ............................... 4, 6, 7

*Anderson v. Creighton*,
483 U.S. 635 (1987) ................................................................................................. 5

*Anderson v. U.S. Dep't of Hous. & Urban Dev.*,
554 F.3d 525 (5th Cir. 2008) ..................................................................................... 4

*Ark. Educ. Tv Comm'n v. Forbes*,
523 U.S. 666 (1998) ................................................................................................. 9

*Arnold v. Williams*,
979 F.3d 262 (5th Cir. 2020) ..................................................................................... 5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................... passim

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................................................. 4

*Bennett v. Pippin*,
74 F.3d 578 (5th Cir. 1996) ...................................................................................... 13

*Benningfield v. City of Houston*,
157 F.3d 369 (5th Cir. 1998) .................................................................................... 23

*Benningfield v. Nuchia*,
526 U.S. 1065 (1999) .............................................................................................. 23

*Bryan Cty. v. Brown*,
520 U.S. 397 (1997) ................................................................................................ 15

*Carswell v. Camp*,
54 F.4th 307 (5th Cir. 2022) ...................................................................................... 5

*Cass v. City of Abilene*,
814 F.3d 721 (5th Cir. 2016) ............................................................................. 5, 12, 20

iii

*Chaplinsky v. N.H.*,
  315 U.S. 568 (1942) ............................................................................................ 10

*Chiu v. Plano Indep. Sch. Dist.*,
  260 F.3d 330 (5th Cir. 2001)................................................................................ 9

*Cinel v. Connick*,
  15 F.3d 1338 (5th Cir. 1994)............................................................................. 23

*City of Madison, Joint Sch. Dist. No. 8 v. Wisc. Emp't Relations*,
  *Coram'n*, 429 U.S. 167 (1976)...................................................................... 9, 10

*City of Newport v. Fact Concerts, Inc.*,
  453 U.S. 247 (1981) ........................................................................................... 24

*City of Rio Grande City*,
  879 F.3d 613 (5th Cir. 2018)............................................................................. 15

*City of St. Louis v. Praprotnik*,
  485 U.S. 112 (1988) ........................................................................................... 13

*Collins v. Bauer*,
  No. 3:11-CV-00887-B, 2012 WL 443010 (N.D. Tex. Jan. 23, 2012) ...................... 23

*Connick v. Thompson*,
  563 U.S. 51 (2011) ........................................................................................ 21, 22

*Cornelius v. NAACP*,
  473 U.S. 788 (1985)............................................................................................. 9

*Daves v. Dallas Cty.*,
  22 F.4th 522 (5th Cir. 2022)............................................................................... 14

*De Mino v. Achenbaum*,
  136 F. App'x 695 (5th Cir. 2005) ....................................................................... 24

*Domino v. Tex. Dept of Criminal Justice*,
  239 F.3d 752 (5th Cir. 2001)............................................................................. 21

*Dyer v. Houston*,
  964 F.3d 374 (5th Cir. 2020)............................................................................. 21

*Edmiston v. Borrego*,
  75 F.4th 551 (5th Cir. 2023)................................................................................ 4

*Estiverne v. La. State Bar Ass'n*,
  863 F.2d 371 (5th Cir.1989)................................................................................. 9

*FCC v. Pacifica Found.*,
   438 U.S. 726 (1978) ........................................................................................................ 10

*Florida v. Royer*,
   460 U.S. 491 (1983) ........................................................................................................ 16

*Gil Ramirez Grp. v. Houston Indep. Sch. Dist.*,
   786 F.3d 400 (5th Cir. 2015) .......................................................................................... 24

*Gjemre v. Leffingwell*,
   No. A-13-CA-729-SS, 2015 WL 433506 (W.D. Tex. Jan. 30, 2015) ................................ 10, 11

*Good News Club v. Milford Cent. Sch.*,
   533 U.S. 98 (2001) ......................................................................................................... 9, 11

*Goodman v. Harris Cty.*,
   571 F.3d 388 (5th Cir. 2009) .......................................................................................... 21

*Haines v. Kerner*,
   404 U.S. 519 (1972) .......................................................................................................... 5

*Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*,
   543 F.3d 221 (5th Cir. 2008) ............................................................................................ 6

*Hare v. City of Corinth, Miss.*,
   135 F.3d 320 (5th Cir. 1998) .......................................................................................... 20

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) .......................................................................................................... 5

*Heaney v. Roberts*,
   846 F.3d 795 (5th Cir. 2017) ................................................................................. 9, 10, 11, 12

*Hernandez v. Dallas Cty. Sheriff*,
   No. 3:23-CV-01583-E, 2024 WL 4202381 (N.D. Tex. Sept. 16, 2024) .............................. 21

*Hershey v. City of Bossier City*,
   2025 WL 2836908 (5th Cir. Oct. 8, 2025) ....................................................................... 12, 15

*Hicks-Field v. Harris Cty, Texas*,
   860 F.3d 803 (5th Cir.2017) ............................................................................................ 6, 14

*Hilliard v. Ferguson*,
   30 F.3d 649 (5th Cir. 1994) ............................................................................................ 23, 24

*Hinojosa v. Livingston*,
   807 F.3d 657 (5th Cir. 2015) ............................................................................................ 8

*Jimerson v. Lewis*,
   94 F.4th 423 (5th Cir. 2024) ............................................................................ passim

*Johnson v. City of Yoakum, Texas*,
   No. 6:19-CV-00011, 2025 WL 2411605 (S.D. Tex. Aug. 19, 2025) ................................ 10, 11

*Johnson v. Harris Cty.*,
   83 F.4th 941 (5th Cir. 2023) ..................................................................................... 15

*Johnson v. Tex. Bd. Of Crim. Justice*,
   281 F. App'x 319 (5th Cir. 2008) ................................................................................ 24

*Kay v. Ehrler*,
   499 U.S. 432 (1991) ................................................................................................. 24

*Kentucky v. Graham*,
   473 U.S. 159 (1985) ............................................................................................... 1, 2

*Kindt v. Santa Monica Rend Control Bd.*,
   67 F.3d 266 (9th Cir. 1995) ...................................................................................... 10

*Leffall v. Dallas Indep. Sch. Dist.*,
   28 F.3d 521 (5th Cir. 1994) ................................................................................... 17, 20

*Malley v. Briggs*,
   475 U.S. 335 (1986) .................................................................................................. 5

*Meadours v. Ermel*,
   483 F.3d 417 (5th Cir. 2007) .............................................................................. 6, 12, 20

*Mendenhall v. Riser*,
   213 F.3d 226 (5th Cir. 2000) ..................................................................................... 20

*Monell v. Dep't of Soc. Servs. of City of New York*,
   436 U.S. 658 (1978) ................................................................................................ 1, 6

*Morgan v. Gandalf, Ltd.*,
   165 F.App'x 425 (6th Cir. 2006) .................................................................................. 2

*Mullenix v. Luna*,
   577 U.S. 7 (2015) ...................................................................................................... 5

*Navarette v. Cal.*,
   572 U.S. 393 (2014) ................................................................................................. 20

*Nelson Radio & Supply Co. v. Motorola, Inc.*,
   200 F.2d 911 (5th Cir. 1953) ..................................................................................... 23

*NetChoice, LLC*,
    603 U.S. 707 (2024) ............................................................................................ 8, 11

*New York v. Ferber*,
    458 U.S. 747 (1982) ................................................................................................ 8

*Pearson v. Callahan*,
    555 U.S. 223 (2009) ................................................................................................ 5

*Perry Educ. Ass'n v. Perry Local Educators' Ass'n*,
    460 U.S. 37 (1983) .................................................................................................. 9

*Petta v. Rivera*,
    143 F.3d 895 (5th Cir. 1998) ................................................................................ 24

*Pfannstiel v. City of Marion*,
    918 F.2d 1178 (5th Cir. 1990) .............................................................................. 23

*Pineda v. City of Houston*,
    291 F.3d 325 (5th Cir. 2002) ....................................................................... 6, 7, 21

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) .................................................................................. 6

*R2 Invs. LDC v. Phillips*,
    401 F.3d 638 (5th Cir. 2005) .................................................................................. 4

*Ratliff v. Aransas Cty, Texas*,
    948 F.3d 281 (5th Cir. 2020) ..................................................................... 13, 15, 16

*Ristow v. Hansen*,
    719 F. App'x 359 (5th Cir. 2018) ................................................................... 11, 19

*Rivera v. Houston Indep. Sch. Dist.*,
    349 F.3d 244 (5th Cir. 2003) .................................................................................. 6

*Roberts v. City of Shreveport*,
    397 F.3d 287 (5th Cir. 2005) ..................................................................... 21, 22, 23

*Sanders-Burns v. City of Plano*,
    594 F.3d 366 (5th Cir. 2010) ................................................................................ 21

*Smith v. Brenoettsy*,
    158 F.3d 908 (5th Cir. 1998) ................................................................................ 22

*Sonnier v. State Farm Mut. Auto. Ins. Co.*,
    509 F.3d 673 (5th Cir. 2007) ................................................................................ 19

*Stein v. Dallas County,*
  No. 3:22-CV-1255-D, 2023 WL 2700720 (N.D. Tex. Mar. 29, 2023) ..................................... 11

*Story v. Azaiez,*
  No. 1:22-CV-448-DAE, 2023 WL 11969350 (W.D. Tex. July 26, 2023) ........................... 9, 11

*Sweetin* v. *City of Texas City, Texas,*
  48 F.4th 387 (5th Cir. 2022) ..................................................................................... 13

*Swilley v. City of Houston,*
  457 F. App'x 400 (5th Cir. 2012) ................................................................................ 23

*Terry v. Ohio,*
  392 U.S. 1 (1968) ................................................................................................. 16, 17

*Thompson v. City of Galveston,*
  979 F. Supp. 504 (S.D. Tex. 1997) ............................................................................. 23

*Turner v. Driver,*
  848 F.3d 689- (5th Cir. 2017) ................................................................................. 14, 16

*Tuttle v. Sepolio,*
  68 F.4th 969 (5th Cir. 2023) ...................................................................................... 22

*United States v. Abdo,*
  733 F.3d 562 (5th Cir. 2013) ...................................................................................... 17

*United States v. Arvizu,*
  534 U.S. 266 (2002) ............................................................................................. 16, 20

*United States v. Cortez,*
  449 U.S. 411 (1981) .................................................................................................. 16

*United States v. Hensley,*
  469 U.S. 221 (1985) .................................................................................................. 17

*United States v. Sanders,*
  994 F.2d 200 (5th Cir. 1993) ................................................................................. 17, 20

*United States v. Sokolow,*
  490 U.S. 1 (1989) ..................................................................................................... 16

*Valle v. City of Houston,*
  613 F.3d 536 (5th Cir. 2010) .................................................................................... 6, 21

*Verastique v. City of Dallas,*
  106 F.4th 427 (5th Cir. 2024) .............................................................................. 12, 13, 15

*Walker v. City of Dallas*,
No. 3:23-CV-0391-D, 2024 WL 2734951 (N.D. Tex. May 28, 2024) ..................................... 21

*Walters v. McMahen*,
795 F. Supp. 2d 350 (D. Md. 2011) ...................................................................................... 23

*Webster v. City of Houston*,
735 F.2d 838 (5th Cir. 1984) ................................................................................................. 7

*Wenthold v. City of Farmers Branch*, *Tex.*,
No. 3:11–CV–0748–B, 2012 WL 467325 (N.D. Tex. Feb.14, 2012) .................................. 9, 10

*White v. City of Norwalk,*
900 F.2d 1421 (9th Cir. 1990) .......................................................................................... 10, 11

*Wright v. McCain,*
703 F. App'x 281 (5th Cir. 2017) .......................................................................................... 5

*Young v. City of Irving,*
No. 3:23-CV-1423-D, 2025 WL 888430 (N.D. Tex. Mar. 21, 2025) ................................. 23, 24

Statutes

42 U.S.C. §1983 .............................................................................................................. 1, 2, 6

42 U.S.C. § 1985(3) ............................................................................................................. 24

Tex. Const. art. V, § 18(b) .................................................................................................... 14

Tex. Gov't Code § 411.205(1) .............................................................................................. 19

Tex. Gov't Code § 411.207(a) .............................................................................................. 19

Tex. Gov't Code § 411.209(a) & (d) ..................................................................................... 19

Tex. Occ. Code § 1701.051 .................................................................................................... 2

Tex. Penal Code § 46.15(a)(5) .............................................................................................. 17

Tex. Penal Code § 46.15(b)(6) .............................................................................................. 17

Rules

Fed. R. Civ. P. 8(a)(2) ...................................................................................................... 4, 7

Fed. R. Civ. P. 12(a)(4) ......................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ................................................................................................... passim

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CJ GRISHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-716-Y |
| | § | |
| TIM O'HARE, ET AL, | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANT TARRANT COUNTY'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT**

---

The Defendant, Tarrant County ("Tarrant County"), by and through the undersigned counsel, files its Motion to Dismiss the Plaintiff's First Amended Complaint ("ECF No. 17") and Brief in Support, pursuant to Fed. R. Civ. P. 12(b)(6), and respectfully shows this Court the following:

## I.    **INTRODUCTION**

Plaintiff has sued Tarrant County pursuant to 42 U.S.C. §1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). *See* ECF No. 17, ¶¶ 11, 176-90 (Count IV – alleging deliberate indifference against Tarrant County only), 199-211 (Count VI – alleging *Monell* liability against Tarrant County and County Judge Tim O'Hare only for First and Second Amendment violations). Additionally, the four Defendant deputies and County Judge Tim O'Hare have each been sued in their individual and official capacities.[1] ECF No. 17, ¶¶ 6-10, 12. Defendant Craig Driskell also has been sued in his supervisory capacity. ECF No. 17, ¶ 7.

---

[1] Official capacity claims against individual government employees are redundant claims against the employing government agency. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985). Therefore, this Court should dismiss the

1

The Court should dismiss all of Plaintiff's claims against Tarrant County because Plaintiff failed to provide sufficient facts to support these claims. Fed. R. Civ. P. 12(b)(6). *See also* Fed. R. Civ. P. 12(a)(4); *Morgan v. Gandalf, Ltd.*, 165 F.App'x 425, 428 (6th Cir. 2006) (Defendants not required to file an answer until 14 days after the Court rules on Rule 12 motion).

## II.    PLAINTIFF'S ALLEGATIONS

C. J. Grisham ("Plaintiff") has sued the individual Defendants and Tarrant County, a political subdivision of the State of Texas, under 42 U.S.C. § 1983 for an alleged civil rights conspiracy and denial of his First, Second, Fourth, Ninth, and Fourteenth Amendment rights under the United States Constitution.[2] ECF No. 17, ¶¶ 1, 126-211.

On January 14, 2025, Plaintiff was in the audience for a Tarrant County Commissioners Court meeting when he left the courtroom for a restroom break. ECF No. 17, ¶¶ 23-24. Plaintiff attempted to return to the meeting while carrying a handgun. ECF No. 17, ¶¶ 23-27. Defendant Chief Deputy Craig Driskell ("Driskell"), relying on guidance from the Texas Commission on Law Enforcement[3] (TCOLE) that Grisham was *not* a qualified law enforcement officer, denied him entry with a handgun. *Id*. at ¶¶ 28-31. During a subsequent heated verbal exchange while surrounded by an agitated crowd, Plaintiff used profanity and failed to provide verifiable credentials allowing him to openly carry a handgun into the Commissioners Court. *Id*. at ¶¶ 36-37 *(see* photo at p. 13 – Plaintiff with arms raised and wearing light-colored baseball cap). Plaintiff alleged he and Driskell, but no other Defendants, "were arguing over whether Plaintiff was who

---

*official* capacity claims against the individual Defendants without any further analysis. *Kentucky*, 473 U.S. at 167 n.14; Fed. R. Civ. P. 12(b)(6).

[2] The Court must accept as true only *well-pleaded* facts, but the Defendant, by identifying Plaintiff's alleged facts herein for purposes of this motion, does not admit Plaintiff's alleged facts.

[3] Texas Commission on Law Enforcement ("TCOLE") -- https://www.tcole.texas.gov/ -- State agency that licenses peace officers. S*ee also* Tex. Occ. Code § 1701.051.

he claimed to be." ECF No. 17, ¶ 45. Plaintiff alleged that Driskell told Plaintiff TCOLE did not consider him to be a licensed peace officer. ECF No. 17, ¶¶ 30-31. Plaintiff also alleged that Defendant Driskell doubted his credentials, saying "I don't care. You can [generate] your own little badge and that's fine." ECF No. 17, ¶ 31. *See also* ECF No. 17, ¶ 30 (Driskell expressed doubt about Plaintiff's retired law enforcement officer status).

After Plaintiff was handcuffed, Defendant Chief Jennifer Gabbert ("Gabbert") ordered deputies to escort Plaintiff away from the crowd and into a room, where the Defendant deputies were able to view his state license to carry a handgun ("LTC"). *Id*., ¶¶ 54-58. However, Plaintiff did not allege that any of the Defendant deputies actually read his credentials; he only alleged that Defendants "were *able to view* his LTC and retired law enforcement credentials since they are kept together in his wallet." ECF No. 17, ¶¶ 56-57 (emphasis added). After forty minutes, Plaintiff was released without any charges being filed against him. *Id*. at ¶¶ 59, 65. Plaintiff did not return to the Commissioners Court meeting that day. *Id*. at ¶¶ 65-67.

On January 28, 2025, Plaintiff, again while carrying a handgun, visited the Commissioners Court for another public meeting. ECF No. 17, ¶¶ 72-73. After ignoring Defendant Sergeant Orville George ("George") outside of the courtroom, Plaintiff alleged he was physically blocked and restrained by George until he produced his LTC, after which he was allowed entry into the open meeting. *Id*., ¶¶ 78-84, 97.

Later, while speaking to Commissioners Court during public comments before a vote on the adoption of proposed rules of decorum, Plaintiff addressed another matter and used profanity. *Id*., ¶¶ 98, 106-10. Defendant County Judge Tim O'Hare ("O'Hare") ordered Plaintiff to be removed immediately for using vulgar profanity in a limited public forum. *Id*. at ¶¶ 109, 117

("Plaintiff was escorted out of the chambers under threat of arrest for repeating what he told the Sheriff in an expressive way.").

### III.   <u>LEGAL STANDARDS</u>

#### A.   **Motion to Dismiss**

Federal Rule of Civil Procedure 8's notice pleading standard requires a plaintiff "to give defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Alexander v. S. Health Partners, Inc.*, No. 3:22-CV-0395-X, 2023 WL 3961704, at *8-9 (N.D. Tex. June 12, 2023); Fed. R. Civ. P. 8(a)(2). Plaintiff has failed to adequately allege any claims against Tarrant County according to the well-established pleading standard.

To avoid a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This demands more than alleging that "the-defendant-unlawfully-harmed-me ...." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008). Claims must include enough factual allegations "to raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555.

Courts should not "strain to find inferences favorable to plaintiffs" or accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Edmiston v. Borrego*, 75 F.4th 551, 557 (5th Cir. 2023).

*Pro se* complaints are liberally construed in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, as a licensed attorney who represents himself in this matter, Plaintiff is held to a higher standard than an unlicensed or uneducated *pro se* litigant. *Wright v. McCain,* 703 F. App'x 281, 284 (5th Cir. 2017).

### B.   Qualified Immunity

Each individual Defendant has asserted his or her entitlement to qualified immunity in this case.[4] ECF No. 17, ¶¶ 6-10. Analysis of a qualified immunity claim involves the determination of: (1) whether the Plaintiff alleged a violation of a clearly established constitutional right, and (2) whether, at the time of the alleged violation, the right was so clearly established that a reasonable official in the defendant's situation would have understood that his conduct violated the right. *Pearson v. Callahan*, 555 U.S. 223, 244 (2009); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 637-41 (1987). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015); *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

A plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *Arnold v. Williams*, 979 F.3d 262, 266-67 (5th Cir. 2020). When plaintiffs make only collective allegations against a group of police officers, without justification for the lack of individualization, they fail to overcome assertions of qualified immunity at the 12(b)(6) stage. *Cass v. City of Abilene*, 814 F.3d 721, 730-31 (5th Cir. 2016);

---

[4] This Court properly entered an order staying all discovery in this case until the individual Defendants' assertions of qualified immunity are fully adjudicated. *See* ECF No. 16, ¶ 3. *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022).

*Meadours v. Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007); *Jimerson v. Lewis*, 94 F.4th 423, 428 (5th Cir. 2024), *cert. denied*, 145 S.Ct. 1220, 221 L.Ed.2d 284 (2025); *Alexander*, 2023 WL 3961704, at *8-9.

   **C.    *Monell* liability**

Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008). It is well-settled that a municipality cannot be liable under a theory of respondeat superior. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). Rather, a municipality may be liable under § 1983 only if the execution of one of its customs or policies deprives a plaintiff's constitutional rights. *Monell*, 436 U.S. at 690-91. *See also Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003). Municipal liability under § 1983 requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose 'moving force' is the policy or custom. *Monell*, 436 U.S. at 690-91; *Hicks-Field v. Harris Cty, Texas*, 860 F.3d 803, 808 (5th Cir.2017). *See also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

Official municipal policy includes the decisions of the government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691-95. "Official policy" is defined as:

   1.    A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

   2.    A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *Pineda*, 291 F.3d at 328.

## IV.    ANALYSIS

Plaintiff failed to adequately allege any *Monell* claims against Tarrant County according to the well-established pleading standards. *Iqbal*, 556 U.S. at 678; *Jimerson*, 94 F.4th at 428; *Alexander*, 2023 WL 3961704, at *8-9. Fed. R. Civ. P. 8(a)(2).

### A.    Plaintiff Failed to Allege a Plausible First Amendment Claim Under *Monell*

Plaintiff primarily bases his First Amendment claim on the actions of Judge O'Hare and the Defendant deputies during the encounter on January 28, 2025, but he failed to adequately allege the elements necessary under *Monell*. ECF No. 17, ¶¶ 148-65. The gravamen of this claim appears to arise from Plaintiff's removal from Commissioners Court following his vulgar statement during public comment. Plaintiff wanted to speak at the January 28, 2025, meeting about his opinions on the "new rules of decorum," which were a matter of public interest. ECF No. 17, ¶ 106-09, 152. During the course of his public comment, Plaintiff made the following statement:

> "I came here last time [January 14, 2025] because my good friend, Mason Yancy, was murdered in the jail… But . . . the thugs that you have outside the door there assaulted me, . . . Thankfully, Sheriff Waybourne [sic] thought the better of valor and listened to me when I told him to read the *fucking* law."

ECF No. 17, ¶ 108 (emphasis added). As soon as Plaintiff uttered the vulgar profanity, Judge O'Hare interrupted Plaintiff and instructed the deputies to "remove him immediately for that comment." *Id.* at ¶ 109. The Sheriff's deputies then escorted Plaintiff from the courtroom. *Id.* at ¶¶ 109, 117, 129, 157. Plaintiff did not allege he was handcuffed on January 28, 2025, and he had been allowed to carry his handgun into the meeting after he showed his LTC. ECF No. 17, ¶¶ 84-85, 97; *see also* ECF No. 17, ¶¶ 72-125. Therefore, Plaintiff failed to allege specifically how each

7

individual Defendant violated his First Amendment rights on January 28, 2025. ECF No. 17, ¶¶ 148-65. *See Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015) ("shotgun pleading" is impermissible); *Jimerson*, 94 F.4th at 428.

> ### 1.    Plaintiff did not sufficiently allege a facially unconstitutional challenge to the rules of decorum.

Plaintiff alleged that "Defendant O'Hare knew or should have known that his 'rules of decorum' were *facially unconstitutional*." ECF No. 17, ¶ 101 (emphasis added); *see also* ECF No. 17, ¶¶ 102, 104, 119, 152, 161-65 (alluding to constitutional violation of free speech). A party seeking to challenge the constitutionality of a statute generally must show that the statute violates the party's own rights. *New York v. Ferber*, 458 U.S. 747, 767 (1982). Facial challenges to a statute or, in this case, a purported policy, are "disfavored" by the courts. *Moody. v. NetChoice, LLC*, 603 U.S. 707, 723 (2024). Even in a facial challenge under the First Amendment, challengers face a heavy burden. *Id*. at 723. A proper First Amendment facial challenge proceeds in two steps. The first step is to determine every hypothetical application of the challenged law. *Id*. at 724-25. The second step is "to decide which of the laws' applications violate the First Amendment, and to measure them against the rest." *Id*. at 725. If the law's unconstitutional applications substantially outweigh its constitutional ones, then, and only then, is the law facially unconstitutional. *Id*. at 725-26.

Plaintiff made no attempt to undertake this two-step analysis or to explain how the rules of decorum are facially unconstitutional. *See generally* ECF No. 17, ¶¶ 148-65, 199-211. To the contrary, Tarrant County's rules of decorum are consistent with permissible restrictions on speech in a limited public forum.

**2.      Prohibitions on profanity are constitutionally permissible in a limited public forum.**

Traditional public forums are places that are historically devoted to assembly or debate. *Estiverne v. La. State Bar Ass'n*, 863 F.2d 371, 376 (5th Cir.1989) (quoting *Cornelius v. NAACP*, 473 U.S. 788, 802 (1985)). This type of forum includes "streets and parks which have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983). The government's efforts to restrict speech in traditional public forums must withstand strict scrutiny, i.e., show that a content-based prohibition serves a compelling state interest and is narrowly tailored. *See Perry*, 460 U.S. at 45.

Conversely, Tarrant County may impose reasonable, viewpoint-neutral restrictions on speech in a limited public forum to preserve the civility and decorum necessary to further the purpose of the meeting. *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106 (2001); *Ark. Educ. Tv Comm'n v. Forbes*, 523 U.S. 666, 677-78 (1998); *City of Madison, Joint Sch. Dist. No. 8 v. Wisc. Emp't Relations Coram'n*, 429 U.S. 167, 176 n.8 (1976). *See also Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 347 (5th Cir. 2001); *Heaney v. Roberts,* 846 F.3d 795, 801-02 (5th Cir. 2017); *Wenthold v. City of Farmers Branch, Tex.*, No. 3:11–CV–0748–B, 2012 WL 467325, *7 (N.D. Tex. Feb.14, 2012), *aff'd, Wenthold v. City of Farmers Branch, Texas*, 532 F. App'x 474 (5th Cir. 2013).

A public comment session of the Commissioners Court is a limited public forum, in which it is constitutionally permissible to prohibit profanity to maintain civility and decorum. *Heaney*, 846 F.3d at 801-02. *See Story v. Azaiez,* No. 1:22-CV-448-DAE, 2023 WL 11969350, at *5 (W.D. Tex. July 26, 2023); *see also Good News Club*, 533 U.S. at 106 (state is not required to allow persons to engage in every type of speech).

Therefore, Tarrant County may restrict or regulate speech in an open meeting of the Commissioners Court as long as the regulation: (1) does not discriminate against speech on the basis of viewpoint, and (2) is reasonable in light of the purpose served by the forum. *Heaney*, 846 F.3d at 801-02; *City of Madison, Joint Sch. Dist. No. 8*, 429 U.S. at 176 n.8; *Wenthold*, 2012 WL 467325, at *7; *Gjemre v. Leffingwell*, No. A-13-CA-729-SS, 2015 WL 433506, at * 6 (W.D. Tex. Jan. 30, 2015). *See also Kindt v. Santa Monica Rend Control Bd.*, 67 F.3d 266, 270-72 (9th Cir. 1995); *White v. City of Norwalk,* 900 F.2d 1421, 1426 (9th Cir. 1990) (holding decorum rule prohibiting profanity is not unconstitutionally overbroad).

Plaintiff does not have any right to the unfettered exercise of profanity whenever and wherever he chooses. *See Adderley v. Florida*, 385 U.S. 39, 47-48 (1966). Vulgar, offensive, and shocking speech must be viewed in its specific context, and it is "not entitled to absolute constitutional protection under all circumstances." *FCC v. Pacifica Found.*, 438 U.S. 726, 747-48 (1978). The U.S. Supreme Court rejected a blanket protection for profanity in *Chaplinsky v. N.H.*, 315 U.S. 568 (1942): "There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which have never been thought to raise any Constitutional problem. These include the lewd and obscene, the *profane*, the libelous, and the insulting or 'fighting' words – those which by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Id.* at 571-72 (emphasis added).

More recently, in *Johnson v. City of Yoakum, Texas*, No. 6:19-CV-00011, 2025 WL 2411605, at *12-13 (S.D. Tex. Aug. 19, 2025), the district court held that prohibiting "impertinent, *profane*, or slanderous remarks" during public comments in a limited public forum is a reasonable, viewpoint-neutral restriction that does not violate the First Amendment. *Id.* at *12-13 (emphasis added).

Presumably, the prohibition on profanity here is similar to that in *Johnson. See Johnson*, 2025 WL 2411605, at *12-13. However, despite asserting that the rules of decorum are *facially* unconstitutional, Plaintiff did not provide the actual language from the rules of decorum that he now challenges as unconstitutional on their face. *See* ECF No. 17, ¶ 101. Logically, this omission of the precise rules of decorum from his pleading is fatal to his facially unconstitutional First Amendment claim. *Moody*, 603 U.S. at 725-26. *See Iqbal*, 556 U.S. at 678.

### 3.    Plaintiff failed to adequately plead a First Amendment claim against the Deputies.

Defendants Driskell, George, and Sergeant Michael Jauss ("Jauss") merely escorted Plaintiff from the public meeting after Judge O'Hare ordered for him to be removed for violating decorum on January 28, 2025.[5]  ECF No. 17, ¶¶ 109, 117, 129, 157. *See Heaney*, 846 F.3d at 805 (officers properly removed person from city council meeting at mayor's request). *See Story,* 2023 WL 11969350, at *5; *see also Good News Club*, 533 U.S. at 106. Judge O'Hare acted only after Plaintiff uttered his gratuitous profanity, at which point O'Hare exercised his discretion to preserve order and civility by directing Plaintiff's removal. ECF No. 17, ¶¶ 98, 106-10, 117, 129, 157.  *See Stein v. Dallas County*, No. 3:22-CV-1255-D, 2023 WL 2700720, at *5 (N.D. Tex. Mar. 29, 2023); *Gjemre*, 2015 WL 433506, at *6; *White,* 900 F.2d at 1426; *Johnson*, 2025 WL 2411605, at *12–13.

Defendants Driskell, George, Gabbert and Jauss allegedly "threatened to arrest Plaintiff while he was attempting to exercise his First Amendment right to attend an open meeting to express his grievance on a matter of public concern." ECF No. 17, ¶¶ 117, 129, 157. However, the Defendant deputies acted within the scope of their official duties to preserve order and peace during the second Commissioners Court session. *See Ristow v. Hansen*, 719 F. App'x 359, 363

---

[5] Plaintiff asserted no specific facts regarding Defendant Gabbert at the meeting on January 28, 2025, including whether she was even present. ECF No. 17, ¶¶ 72-125, 166-75. *See Jimerson*, 94 F.4th at 428 (plaintiff must specify each defendant's role in alleged misconduct).

n.17 (5th Cir. 2018) (mere *threat* of arrest is not a Fourth Amendment violation). It was objectively reasonable for the Defendant deputies to respond to the County Judge's request to remove Plaintiff from the courtroom. *See Heaney*, 846 F.3d at 805 ("It was therefore not objectively unreasonable for [law enforcement] to respond to [the Mayor's] request and escort [Plaintiff] out of [a city council meeting] or to briefly detain [Plaintiff] while consulting with [the officer's] supervisor."). As a result, there is no plausibly pleaded First Amendment *Monell* claim arising from the actions of the Defendant deputies for simply escorting Plaintiff out of the public meeting. ECF No. 17, ¶¶ 109, 117, 129, 157.

To the extent Plaintiff attempted to plead a widespread custom, he failed to identify other instances with similarity, specificity, and numerosity sufficient to state a *Monell* claim. *See generally* ECF No. 17, ¶¶ 200 ("On multiple occasions, individual Defendants have detained, arrested, or otherwise charged First and Second Amendment activists for speaking."), 201-204, 210). Plaintiff has not clearly established on materially identical facts that removing a speaker from a public meeting for uttering profanity will constitute a violation of the speaker's First Amendment rights. *Hershey v. City of Bossier City*, 2025 WL 2836908, *4 (5th Cir. Oct. 8, 2025) (per curiam) (Ho, J., concurring) (alleged violation of First Amendment). *See Cass*, 814 F.3d at 730-31; *Meadours*, 483 F.3d at 421-22. *See also* ECF No. 17, ¶¶ 148-65, 199-211.

The Fifth Circuit also affirmed the dismissal of a pleading containing conclusory allegations lacking factual enhancement that "[we]re patently incapable of showing the existence of any pattern of conduct." *Verastique v. City of Dallas*, 106 F.4th 427, 432 (5th Cir. 2024), *cert denied,* 145 S.Ct. 772, 220 L.Ed.2d 273 (2024). In *Verastique*, which concerned a use-of-force *Monell* claim, the plaintiffs pleaded about nineteen prior incidents. *Id*. at 433. In affirming the trial court's Rule 12(b)(6) dismissal, the Fifth Circuit held those incidents lacked "similarity and

specificity" and did not "point to the specific violation in question." *Id.* at 433. Therefore, Plaintiff failed to plead sufficient facts with similarity and specificity to constitute a de facto policy or custom under the First Amendment. *See Ratliff v. Aransas Cty, Texas*, 948 F.3d 281, 284-85 (5th Cir. 2020) ("*Monell* pleadings must contain sufficient factual matter."); *Verastique*, 106 F.4th at 432 (5th Cir. 2024).

As a result, Plaintiff failed to plausibly plead a First Amendment *Monell* violation against Tarrant County for Plaintiff's removal from Commissioners Court on January 28, 2025.[6] *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

### 4.     Plaintiff failed to properly identify a final policy maker or moving force.

A final policy maker is responsible for making law or setting policy in any given area of a local government's business, and it is the individual who establishes the goals for the municipality and devises the means of achieving those goals. *Sweetin* v. *City of Texas City, Texas*, 48 F.4th 387, 392 (5th Cir. 2022) (cleaned up). "When a final policy maker makes the relevant decision, and when that decision is within the sphere of the policy maker's final authority, the existence of a well-established, officially adopted policy will not insulate the municipality from liability." *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). "[W]hether a particular official has 'final policymaking authority' is a question of state law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

Plaintiff alleged that "Defendant O'Hare is a final policy maker for Defendant County." ECF No. 17, ¶ 208. However, O'Hare is *not* the final policy maker on whether to officially adopt the rules of decorum for Tarrant County, and Plaintiff did not adequately identify a final policy maker.

---

[6] Plaintiff's invocation of Tex. Gov't Code § 551.142(a) is superfluous because he does not seek any injunctive relief. ECF No. 17, ¶ 41 (Prayer).

*See* Tex. Const. Art. V, § 18(b) (county judge presides over commissioners' court); *Daves v. Dallas Cty.,* 22 F.4th 522, 535 (5th Cir. 2022).

Plaintiff also pleaded in a conclusory manner that the policy or custom "was the moving force behind Plaintiff's injuries." ECF No. 17, ¶ 206 ("Thus, [the rules of decorum are] an unlawful policy or custom which was the moving force behind Plaintiff's injuries."). A pleading that only offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not suffice. *Iqbal,* 556 U.S. at 678. Therefore, Plaintiff's pleading is insufficient to state a First Amendment *Monell* claim against Tarrant County. *See* ECF No. 17, ¶¶ 148-65, 199-211.

Absent an underlying constitutional violation by O'Hare or the Defendant deputies, Plaintiff's First Amendment *Monell* claim arising from the January 28, 2025, meeting should be dismissed. *Hicks-Field*, 860 F.3d at 808; *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

**B.    Plaintiff's First Amendment Right to Record Was Not Sufficiently Alleged**.

Plaintiff claimed in a single paragraph that he had a First Amendment right to record and livestream his actions at Commissioners Court.[7] ECF No. 17, ¶ 58. To support this claim, he alleged only that "[a]n **unknown deputy** also turned off Plaintiff's phone which turned off his live feed so that there was no recoding in the back hallway" during the encounter on January 14, 2025. ECF No. 17, ¶ 58 (emphasis added). Plaintiff did *not* allege: (1) that any of the individual Defendants purposefully deactivated his cell phone on January 14, 2025, to prevent him from recording his encounter with the deputies; (2) that Plaintiff was actually recording police officers instead of merely livestreaming his own appearance at Commissioners Court; (3) that the back hallway was a public place rather than a restricted area; or (4) that he was detained to prohibit his recording of the police in their duties as peace officers. ECF No. 17, ¶¶ 58, 158, 160 (only

---

[7] The Fifth Circuit has recognized that citizens have a First Amendment right to record *police* but not necessarily *public officials*. *Turner v. Driver*, 848 F.3d 689-90 (5th Cir. 2017).

14

references to a recording). As a result, Plaintiff failed to allege facts with the specificity necessary to defeat the individual Defendants' qualified immunity, and the Court should dismiss this claim against all Defendants. *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6); *Ratliff*, 948 F.3d at 284-85; *Jimerson*, 94 F.4th at 428 (plaintiff seeking to overcome qualified immunity must specifically identify each defendant's personal involvement in the alleged wrongdoing).

Additionally, Plaintiff did not plausibly allege that his removal from Commissioners Court for uttering a vulgar term on January 28, 2025, violated his First Amendment right to record. ECF No. 17, ¶¶ 58, 158, 160. Therefore, he did not allege that Judge O'Hare violated his right to record, nor did he allege that any of the four Defendant deputies violated his right to record. *Id.* at 58 (Plaintiff only alleged that an "unknown deputy" turned off his phone on January 14, 2025). *See Jimerson*, 94 F.4th at 428.

Plaintiff also failed to identify a formal or de facto policy with similarity, specificity, and numerosity sufficient to plausibly allege a widespread custom related to suppressing a citizen's right to record. *See Hershey,* 2025 WL 2836908, at *4; *Ratliff*, 948 F.3d at 284-85; *Verastique*, 106 F.4th at 432. To advance beyond the pleading stage, a complaint's "description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain *specific* facts." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (emphasis added) (quotation and alterations omitted); *Johnson v. Harris Cty.*, 83 F.4th 941, 946-47 (5th Cir. 2023). This ensures a plaintiff does not saddle government entities with vicarious liability for the alleged actions of its agents not in accord with policy. *Bryan Cty. v. Brown*, 520 U.S. 397, 403-04 (1997).

Plaintiff merely alleged, in conclusory statements, that on multiple occasions the individual law enforcement defendants "have detained, arrested, or otherwise charged First and Second Amendment activists for speaking," only to have such charges dropped prior to trial "in hopes to

15

curtail the activists from exercising their First and Second Amendment Rights." ECF No. 17, ¶¶ 200-04. Plaintiff also claimed that these unknown and unspecified "actions and inactions constitute an impermissible policy, practice, or custom that deprive Plaintiff" of his constitutional rights. *Id.* at ¶ 204. *See Ratliff*, 948 F.3d at 284-85 ("*Monell* pleadings must contain sufficient factual matter."). Additionally, Plaintiff failed to adequately allege that the policy or custom was the moving force of a constitutional violation. ECF No. 17, ¶ 206. *Ratliff*, 948 F.3d at 284-85.

Therefore, Plaintiff failed to plausibly allege a First Amendment right to record public officials, and the Court should dismiss any *Monell* claim against Tarrant County based on Plaintiff's First Amendment right to record. *Ratliff*, 948 F.3d at 284-85; *Iqbal,* 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

**C.    Plaintiff Did Not Adequately Allege a *Monell* Claim Under the Second Amendment.**

Plaintiff's Second Amendment *Monell* claim against Tarrant County arose out of the January 14, 2025, meeting when he was stopped for carrying a handgun into the Commissioners Court meeting. ECF No. 17, ¶¶ 72-125, 166-75, 199 (Plaintiff did not allege a *Monell* claim for any Fourth Amendment violation).

The police may stop and briefly detain a person for investigative purposes if the officer has reasonable suspicion supported by articulable facts that a crime "may be afoot." *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). The court must look to the totality of circumstances to determine whether the detaining officer has a "particularized and objective basis" to suspect legal wrongdoing, while considering only the information available to the officers at the time of detention. *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *United States v. Cortez*, 449 U.S. 411, 417–18 (1981)) (citations omitted).

An investigative detention must be temporary and last no longer than necessary to effectuate the stop's purpose. *Turner v. Driver,* 848 F.3d 678, 693 (5th Cir. 2017) (citing *Florida*

16

*v. Royer*, 460 U.S. 491, 500 (1983)). "The police may take reasonable actions under the circumstances to ensure their own safety, as well as the safety of the public, during an encounter with a suspect." *United States v. Abdo*, 733 F.3d 562, 565 (5th Cir. 2013) (quoting *Terry*, 392 U.S. at 30). *See also United States v. Hensley,* 469 U.S. 221, 235 (1985) (officers are "authorized to take such steps as were reasonably necessary to protect their personal safety and to maintain the status quo during the course of the stop."). Whether an investigative stop amounts to an arrest is determined on a case-by-case basis, and it is "always one of reasonableness under the circumstances." *United States v. Sanders*, 994 F.2d 200, 206 (5th Cir. 1993).

The Defendant deputies' actions in prohibiting Plaintiff from entering the Commissioners Court meeting with a handgun on January 14, 2025, did not violate his Second Amendment rights because the Defendant deputies' actions were reasonable under the totality of the circumstances, including the good faith belief by Driskell, who previously had sought verification from TCOLE, that Plaintiff was neither a retired federal law enforcement officer nor an LTC holder; either designation would have allowed Plaintiff to carry a handgun into the meeting.[8] *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) (the first inquiry is whether the plaintiff has alleged a violation of a constitutional right).

Plaintiff alleged, in a conclusory fashion, that he "voluntarily provided his identification," ECF No. 17, ¶ 48 (January 14, 2025), and that "Driskell and George knew that Mr. Grisham possessed an LTC." ECF No. 17, ¶ 94 (January 28, 2025). Plaintiff also claimed he *informed* Driskell that he had an LTC, but he did not specifically allege that Driskell actually reviewed his credentials at that time. Plaintiff did not identify the Defendant deputies to whom he specifically

---

[8] A retired federal law enforcement officer -- "LEOSA," in Plaintiff's parlance – is allowed to carry a handgun into a public meeting pursuant to Tex. Penal Code § 46.15(a)(5), and an LTC holder is allowed to carry a handgun into a public meeting pursuant to Tex. Penal Code § 46.15(b)(6).

presented either his LTC or his law enforcement officer credentials, or whether he did so during the January 14, 2025, encounter.[9] ECF No. 17, ¶ 48. *See Jimerson*, 94 F.4th at 428 (plaintiff seeking to overcome qualified immunity must specifically identify each defendant's personal involvement in the alleged wrongdoing); *see also* ECF No. 17, ¶¶ 32-33, 35, 56 ("Defendants took [Plaintiff's] wallet and were able to view his LTC and retired law enforcement credentials since they were kept together in his wallet."). Furthermore, Plaintiff alleged that "Defendant Driskell refused to look at Plaintiff's credentials," which controverts any suggestion that the Defendants actually saw his LTC or law enforcement credentials. ECF No. 17, ¶ 33.

Plaintiff only speculated about what the Defendant deputies knew, especially when he actually alleged that Chief Driskell said the Plaintiff was not recognized as a peace officer by TCOLE. ECF No. 17, ¶¶ 30-31 (Driskell told Plaintiff he could have falsified a "badge," so Driskell impliedly chose to trust TCOLE's statement that Plaintiff currently was not a law enforcement officer). Plaintiff alleged that he told Driskell that Plaintiff "most certainly was going in the meeting [with his handgun] because he's exempt from [Tex. Penal Code] §46.03 as both a retired law enforcement officer and an LTC holder." ECF No. 17, ¶ 29. Additionally, Plaintiff alleged "he was showing Defendant Driskell his LEOSA credentials," but *not* his LTC. ECF No. 17, ¶ 32 (*At that time, Driskell believed from TCOLE that Plaintiff was not an eligible law enforcement officer* – ECF No. 17, ¶ 30).

Plaintiff also alleged that Defendants "never demanded or even requested that Mr. Grisham display identification," but this assertion defies logic. ECF No. 17, ¶ 48. The entire confrontation on January 14, 2025, began because Plaintiff admitted to carrying a handgun, and Driskell did not believe he met any exceptions that allowed him to carry a handgun into a public meeting. ECF No.

---

[9] Plaintiff asserted no specific facts regarding Defendant Jauss at the meeting on January 14, 2025, including whether he was even present. ECF No. 17, ¶¶ 19-71, 166-75. *See Jimerson*, 94 F.4th at 428 (plaintiff must specify each defendant's role in alleged misconduct).

17, ¶¶ 30-31, 33. Plaintiff's allegations that he "provided his identification" is *not* a well-pleaded fact that must be viewed in Plaintiff 's favor because it is not credible in light of both the nature of Plaintiff's encounter on January 14, 2025, and the Defendant deputies' subsequent actions in allowing Plaintiff to enter Commissioners Court with a handgun on January 28, 2025, after he showed his LTC. ECF No. 17, ¶¶ 84-85 ("[A]ll we need [to] see is your license . . . ."), 97. *See Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (only well-pleaded facts are entitled to deference).

Plaintiff never unequivocally produced his LTC upon request until the January 28 meeting, when Plaintiff was allowed to enter the Commissioners Court meeting. ECF No. 17, ¶¶ 84-85, 97. When Plaintiff decided to leave the premises on January 14, 2025, after appealing to Sheriff Waybourn, the interaction between Plaintiff and the Defendant deputies concluded, and he departed without further incident, with his handgun.[10] ECF No. 17, ¶¶ 64-67.

Section 411.205(1) imposes no requirement that a peace officer must have reasonable suspicion of any offense before asking an LTC holder to show his license. *See* Tex. Gov't Code § 411.205(1). Additionally, Section 411.207 provides that "[a] peace officer who is acting in the lawful discharge of the officer's official duties *may disarm a license holder at any time the officer reasonably believes it is necessary* for the protection of the license holder, officer, or another individual." *See* Tex. Gov't Code § 411.207(a) (emphasis added). "The peace officer shall return the handgun to the license holder before discharging the license holder from the scene if the officer determines that the license holder is not a threat . . . ." *Id.* at § 411.207(a). Therefore, the Defendant deputies' inquiry into Plaintiff's ability to carry

---

[10] It is arguable that, by voluntarily leaving the building with his handgun on January 14, 2025, Plaintiff suffered nothing more than a *de minimis* injury that will not rise to the level of a Second Amendment violation. *See, e.g., Ristow*, 719 F. App'x at 363 n.17 (a *threat* to arrest someone is not a seizure that will support a Fourth Amendment violation). Plaintiff's proper remedy was to file a complaint with the Texas Attorney General's Office pursuant to Tex. Gov't Code § 411.209(a) & (d), which requires the Attorney General's Office to investigate and give the offending governmental entity an opportunity to cure before any penalty can be assessed. *Id.*, at § 411.209(e).

19

a handgun into a public meeting was legally permissible under the circumstances. *Sanders*, 994 F.2d at 206.

Based on the totality of the circumstances surrounding their encounter with Plaintiff outside of the Commissioners Courtroom on January 14, 2025, the Defendant deputies were justified in detaining Plaintiff and temporarily placing him in handcuffs to determine if he was violating Chapter 411 or any criminal laws. ECF No. 17, ¶¶ 25, 27-33, 35-36, 65-67 (including photo on p. 13). *See Sanders*, 994 F.2d at 206; *see also Navarette v. Cal.*, 572 U.S. 393, 397 (2014) (courts must consider the totality of circumstances to determine whether an officer could infer that a particular suspect acted or was about to act unlawfully); *Arvizu*, 534 U.S. at 273. *See Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (officers entitled to qualified immunity even if they were mistaken but acted reasonably).

Plaintiff failed to identify any authorities to establish that the Defendants' actions would violate Plaintiff's constitutional rights. *Cass*, 814 F.3d at 730-31; *Meadours*, 483 F.3d at 421-22. Even if the Defendants were mistaken, they were reasonable in believing their actions were justified. *See* ECF No. 17, ¶¶ 25, 27-31, 54 (Plaintiff alleged that Driskell ordered him to be handcuffed for UCW), 60 (Gabbert stated that the law had changed, which prohibited Plaintiff from carrying a weapon into the meeting), 64-66 (Sheriff offered to let Plaintiff return his handgun to his car). *See Mendenhall*, 213 F.3d at 230; *Hare v. City of Corinth, Miss.,* 135 F.3d 320, 325 (5th Cir. 1998).

The encounter on January 28, 2025, did not state a Second Amendment violation that will support a *Monell* claim against Tarrant County, and this claim should be dismissed. *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6). *See also Leffal*, 28 F.3d at 524 (first, there must be a constitutional violation).

20

**D.    Plaintiff Did Not Adequately Plead Failure to Train or Supervise**

Plaintiff alleged that Tarrant County is liable for failing to train and failing to supervise "its law enforcement officers regarding constitutional rights, Texas open meeting laws, lawful carry rights, and protected speech." ECF No. 17, ¶¶ 177, 181-82, 186 (referring to depriving citizens of their **First and Second Amendment rights** at public meetings).

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Hernandez v. Dallas Cty. Sheriff*, No. 3:23-CV-01583-E, 2024 WL 4202381, *9 (N.D. Tex. Sept. 16, 2024) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). *See also Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005); *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). To succeed on a failure-to-train or failure-to-supervise claim, a plaintiff must show: (1) the training procedures or supervision of employees was inadequate; (2) a causal link between such failure and the violation of plaintiff's constitutional rights; and (3) such failure amounts to deliberate indifference. *Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (citations omitted). *See, e.g., Walker v. City of Dallas*, No. 3:23-CV-0391-D, 2024 WL 2734951, at *7 (N.D. Tex. May 28, 2024); *Hernandez*, 2024 WL 4202381, at *9; *Valle*, 613 F.3d at 542. *See also Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010); *Pineda*, 291 F.3d at 332.

"Deliberate indifference" is a stringent standard of fault, which requires proof that a municipal actor disregarded a known or obvious consequence of his action. *Hernandez*, 2024 WL 4202381, at *8 (citing *Connick*, 563 U.S. at 61). To succeed on a deliberate indifference claim, a plaintiff must show that: (1) the official was "aware" of facts from which the inference could be drawn that a substantial risk of serious harm exists, and (2) the official actually drew that inference. *Dyer v. Houston*, 964 F.3d 374, 380 (5th Cir. 2020) (citing *Domino v. Tex. Dept of Criminal*

21

*Justice*, 239 F.3d 752, 755 (5th Cir. 2001)) (internal quotation omitted). *See also Hernandez*, 2024 WL 4202381, at *8.

Plaintiff did not allege, except in conclusory terms, that any policy maker acted with deliberate indifference to the allegedly inadequate training or supervision of the Defendant deputies. ECF No. 17, ¶¶ 176-90. Instead, he simply alleged that Tarrant County "has demonstrated a pattern of constitutional violations by its officers against citizens exercising their First and Second Amendment rights at public meeting." ECF No. 17, ¶ 186. Such a conclusory allegation will not suffice to plausibly allege a claim for failure to train or supervise. *Connick*, 563 U.S. at 71 (plaintiff did not prove a pattern of similar violations to establish the policy of inaction was attributable to the municipality itself).

Plaintiff also failed to adequately allege a claim for supervisory liability against Chief Driskell. ECF No. 17, ¶¶ 7, 59, 63, 176-90 (Driskell sued in supervisory capacity, but failure to supervise claim asserted only against Tarrant County). A supervisory official may be held liable under section 1983 for the wrongful acts of a subordinate when the official breaches a duty imposed by state or local law and this breach causes plaintiff's constitutional injury. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998).

This inquiry contains three elements: (1) that the supervisor failed to train or supervise the subordinate; (2) a causal link between the failure to train or supervise and the constitutional violation; and (3) that the failure to train or supervise amounts to deliberate indifference. *Tuttle v. Sepolio*, 68 F.4th 969, 975 (5th Cir. 2023); *Roberts*, 397 F.3d at 292. However, Plaintiff asserted no specific facts alleging that Driskell failed to supervise any subordinate deputy, nor did he allege that Driskell was deliberately indifferent to Plaintiff's rights. ECF No. 17, ¶¶ 176-90. Any claim

22

against Driskell in his supervisory capacity did not overcome his assertion of qualified immunity and should be dismissed. *Iqbal*, 556 U.S. at 678; *Roberts*, 397 F.3d at 292; Fed. R. Civ. P. 12(b)(6).

### E.    Section 1985(3) Conspiracy Claims are Barred by the Intracorporate Conspiracy Doctrine

To state a civil conspiracy claim under § 1983, Plaintiff must allege both an agreement among the Defendants to commit an illegal act and an actual deprivation of constitutional rights. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990). A conspiracy requires two or more persons or entities. *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1953). Under the intracorporate conspiracy doctrine, a "corporation cannot conspire with itself any more than a private individual can," and "the acts of the agents are the acts of the corporation." *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) (citing *Nelson Radio*, 200 F.2d at 914). "[B]ecause the acts of corporate agents are attributable to the corporation itself, a corporation lacks the multiplicity of actors required to form a conspiracy." *Young v. City of Irving,* No. 3:23-CV-1423-D, 2025 WL 888430, at *10 (N.D. Tex. Mar. 21, 2025) (quoting *Walters v. McMahen*, 795 F. Supp. 2d 350, 358 (D. Md. 2011).

The Fifth Circuit and its district courts permit the doctrine's application to public entities and to civil rights conspiracies under §1983. *Collins v. Bauer*, No. 3:11-CV-00887-B, 2012 WL 443010, at *7 (N.D. Tex. Jan. 23, 2012), *rec. adopted*, 2012 WL 444014 (N.D. Tex. Feb. 10, 2012); *see also Swilley v. City of Houston*, 457 F. App'x 400, 404 (5th Cir. 2012) (per curiam); *Thompson v. City of Galveston*, 979 F. Supp. 504, 512 (S.D. Tex. 1997). The doctrine would not apply if the corporate employees acted "for their own personal purposes" or "personal motives." *Benningfield v. City of Houston*, 157 F.3d 369, 379 (5th Cir. 1998), *cert. denied sub nom.*, *Benningfield v. Nuchia*, 526 U.S. 1065 (1999). However, each individual Defendant was acting under color of law,

23

as alleged by Plaintiff. ECF No. 17, ¶¶ 12, 192. All the individual Defendants' actions are attributable to the county, and Tarrant County cannot conspire with itself. *See Young*, 2025 WL 888430, at \*10. Therefore, Plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) is barred by the intracorporate conspiracy doctrine and should be dismissed. *Hilliard*, 30 F.3d at 653; *Iqbal*, 556 U.S. at 678; Fed R. Civ. P. 12(b)(6).

### F.   Section 1983 Bars Punitive Damages Against Tarrant County

Section 1983 does not allow an award for punitive damages against a municipality, and Plaintiff's request for punitive damages against Tarrant County should be dismissed. ECF No. 17, p. 41(b) (Prayer). *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Gil Ramirez Grp. v. Houston Indep. Sch. Dist.,* 786 F.3d 400, 412-13 (5th Cir. 2015); Fed. R. Civ. P. 12(b)(6).

## V.   **PRAYER**

Plaintiff failed to plausibly allege any constitutional violations, so his *Monell* claims against Tarrant County should be dismissed for failure to state a claim, and Defendant seeks to assess all costs of court against the Plaintiff.[11]

Respectfully submitted,

*/s/ Katherine E. Owens*
**Katherine E. Owens**
State Bar No. 24081683
keowens@tarrantcountytx.gov
**Craig M. Price**
State Bar No. 16284170

---

[11] Plaintiff is not entitled to recover on his other claims as a matter of law.  ECF No. 17, ¶ 1 (Ninth Amendment confers no substantive rights for a civil rights claim). *Johnson v. Tex. Bd. Of Crim. Justice*, 281 F. App'x 319, 320 (5th Cir. 2008); ECF No. 17, ¶¶ 1, 164 (Fourteenth Amendment claim not viable unless alleged misconduct is not susceptible to proper analysis under another right). *Petta v. Rivera*, 143 F.3d 895, 901 (5th Cir. 1998); ECF No. 17, p. 41(b) (*pro se* attorney plaintiff cannot recover attorney's fees even if he prevails). *Kay v. Ehrler*, 499 U.S. 432, 438 (1991); *De Mino v. Achenbaum*, 136 F. App'x 695, 696 (5th Cir. 2005).

cmprice@tarrantcountytx.gov
Assistant Criminal District Attorneys

**PHIL SORRELLS**
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1409 – Telephone
817-884-1675 – Facsimile

**ATTORNEYS FOR DEFENDANT**
**TARRANT COUNTY**

## <u>CERTIFICATE OF SERVICE</u>

On November 6, 2025, I served a copy of the above document on all counsel of record via ECF.

/s/ *Katherine E. Owens*

25