IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CJ GRISHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-716-Y |
| | § | |
| TIM O'HARE, ET AL, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT TIM O'HARE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

**KATHERINE OWENS**
State Bar No. 24081683
**CRAIG M. PRICE**
State Bar No. 16284170
Assistant Criminal District Attorneys

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS
Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1409 – Telephone
817-884-1675 – Facsimile
keowens@tarrantcountytx.gov
cmprice@tarrantcountytx.gov

**ATTORNEYS FOR DEFENDANT
TIM O'HARE**

**TABLE OF CONTENTS**

PAGE

TABLE OF AUTHORITIES ............................................................................................................. iii

I.    Motion to Dismiss  ................................................................................................................1

    A.  Factual and Procedural Background....................................................................................1

    B.  Grounds for Relief.............................................................................................................3

II.   Brief in Support of Motion to Dismiss ...............................................................................4

    A.    Standards for Review.................................................................................................4
        i.      Dismissal for lack of subject matter jurisdiction ...................................................4
        ii.     Dismissal for failure to state a claim upon which relief can be granted ...............4

    B.    Grisham failed to state a ripe First Amendment injury..........................................5

    C.    Grisham failed to state 1983 claims for First Amendment violations .............................7
        i.      Qualified Immunity Legal Standard .........................................................................7
        ii.     Qualified Immunity at the Motion to Dismiss Stage ...............................................8
        iii.    Grisham has improperly pleaded in the collective and has not shown the personal involvement and responsibility of O'Hare for each alleged Constitutional violation.................................................................................................9
        iv.     First Amendment Violation Claims.....................................................................10
        v.      Grisham did not plead a First Amendment violation claim against O'Hare........11
        vi.     O'Hare is entitled to qualified immunity on Grisham's First Amendment claim .................................................................................................................15

    D.    Official capacity claims are redundant claims against the County and should be dismissed...............................................................................................................17

    E.    There are no implied causes of action for purported violations of the Texas Constitution............................................................................................................18

    F.    Section 1983(3) conspiracy claims are  barred by the intracorporate conspiracy doctrine ................................................................................................................19

    G.    Plaintiff cannot state a claim of *Monell* liability against O'Hare, an individual...............20

    H.    Grisham did not state a claim for punitive damages.........................................................22

    I.    The Supreme Court bars a *pro se* plaintiff-attorney from entitlement to attorney's fees .22

III.    Prayer...................................................................................................................................23

  Signature..................................................................................................................................23

  Certificate of Service...............................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adderley v. Florida*,
  385 U.S. 39 (1966) .................................................................................................... 15

*Anderson v. Creighton*,
  483 U.S. 635 (1987) ................................................................................................ 7, 16

*Anderson v. U.S. Dep't of Hous. & Urban Dev.*,
  554 F.3d 525 (5th Cir. 2008)........................................................................................ 4

*Ashcroft v. al–Kidd*,
  563 U.S. 731 (2011) .................................................................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................... 4, 5, 6, 9

*Backe v. LeBlanc*,
  691 F.3d 645 (5th Cir. 2012)........................................................................................ 8

*Bank of Am., N.A. v. Knight*,
  725 F.3d 815 (7th Cir. 2013)........................................................................................ 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. 4, 5, 9

*Benningfield v. City of Houston*,
  157 F.3d 369 (5th Cir. 1998)................................................................................. 19, 20

*Blackburn v. City of Marshall*,
  42 F.3d 925 (5th Cir. 1995).......................................................................................... 5

*Brosseau v. Haugen*,
  543 U.S. 194 (2004) .................................................................................................. 15

*Calhoun v. City of Austin, Texas,*
  No. A-06-CA-185 AA, 2006 WL 2136153 at *1 (W.D. Tex. July 26, 2006) ......................... 18

*Carswell v. Camp*,
  54 F.4th 307 (5th Cir. 2022).................................................................................... 3, 4

*Cass v. City of Abilene*,
  814 F.3d 721 (5th Cir. 2016)........................................................................................ 9

*Choice Inc. of Tex. v. Greenstein*,
  691 F.3d 710.............................................................................................................. 6

*Cinel v. Connick*,
   15 F.3d 1338 (5th Cir. 1994)......................................................................................... 18

*City of Beaumont v. Bouillion*,
   896 S.W.2d 143 (Tex.1995)........................................................................................... 18

*Cohen v. California*,
   403 U.S. 15 (1971) ........................................................................................................ 14

*Collins v. Bauer*,
   No. 3:11–CV–00887–B, 2012 WL 443010 (N.D. Tex. Jan. 23, 2012) ...................... 19

*Cope v. Cogdill*,
   3 F.4th 198 (5th Cir. 2021)............................................................................................ 15

*Cornelius v. NAACP,*
   473 U.S. 788 (1985) ...................................................................................................... 10

*Daves v. Dallas Cty.*,
   22 F.4th 522 (5th Cir. 2022)......................................................................................... 20

*De Mino v. Achenbaum*,
   136 Fed.Appx. 695 (5th Cir. 2005) .............................................................................. 23

*District of Columbia v. Wesby*,
   583 U.S. 48 (2018) ........................................................................................................ 15

*Estiverne v. La. State Bar Ass'n*,
   863 F.2d 371 (5th Cir.1989)........................................................................................... 10

*Farguson v. MBank Houston, N.A.*,
   808 F.2d 358 (5th Cir. 1986)........................................................................................... 5

*FCC v. Pacifica Found.*,
   438 U.S. 726 (1978) ...................................................................................................... 15

*Finger v. Garza*,
   No. SA–02–CA–0956–RF, 2003 WL 22768236 (W.D. Tex. Oct.7, 2003).............. 12

*Foster v. City of Lake Jackson*,
   28 F.3d 425 (5th Cir. 1994).............................................................................................. 7

*Gillum v. City of Kerrville*,
   3 F.3d 117 (5th Cir.1993)............................................................................................... 18

*Gjemre v. Leffingwell*,
   No. A-13-CA-729-SS, 2015 WL 433506 (W.D. Tex. Feb. 2, 2015)................... passim

*Gonzalez v. Kay*,
   577 F.3d 600 (5th Cir. 2009)............................................................................................ 5

*Haines v. Kerner*,
  404 U.S. 519 (1972) ................................................................................................... 5

*Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*,
  543 F.3d 221 (5th Cir. 2008) ................................................................................... 21

*Heaney v. Roberts*,
  846 F.3d 795 (5th Cir. 2017) ............................................................................ 10, 13

*Hilliard v. Ferguson*,
  30 F.3d 649 (5th Cir. 1994) .................................................................................... 19

*Hunter v. Bryan*,
  502 U.S. 224 (1991) .................................................................................................. 7

*Jennings v. Clay*,
  No. 2:13–CV–0015, 2013 WL 3388403 (N.D. Tex. July 8, 2013) ........................... 1

*Johnson v. Tex. Bd. Of Crim. Justice*,
  281 F. App'x 319 (5th Cir. 2008) ............................................................................. 1

*Jones v. City of Stephenville*,
  896 S.W.2d 574 (Tex.App.—Eastland 1995, no writ) ............................................ 18

*Joseph ex rel. Estate of Joseph v. Bartlett*,
  981 F.3d 319 (5th Cir. 2020) ................................................................................... 15

*Kay v. Ehrler*,
  499 U.S. 432 (1991) .......................................................................................... 22, 23

*Kentucky v. Graham*,
  473 U.S. 159, fn. 14 (1985) ............................................................................... 17, 18

*King v. U.S. Dep't of Veterans,*
  *Affs.*, 728 F.3d 410 (5th Cir. 2013) .......................................................................... 4

*Kisela v. Hughes*,
  584 U.S. 100 (2018) ................................................................................................ 15

*Kovacic v. Villarreal*,
  628 F.3d 209 (5th Cir. 2010) .................................................................................... 8

*Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*,
  858 F.3d 916 (5th Cir. 2017) .................................................................................... 6

*Lujan v. Def's of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................. 4, 6

*Malley v. Briggs*,
  475 U.S. 335 (1986) .................................................................................................. 7

*Martinez v. City of N. Richland Hills*,
    846 F. App'x 238 (5th Cir. 2021) .................................................................. 9

*McClendon v. City of Columbia*,
    305 F.3d 314 (5th Cir. 2002).......................................................................... 8

*Messerschmidt v. Millender*,
    565 U.S. 535 (2012) ..................................................................................... 16

*Monell v. Dep't of Social Servs.*,
    436 U.S. 658 (1978) ..................................................................................... 21

*Morrow v. Meacham*,
    917 F.3d (5th Cir. 2019)......................................................................... 16, 17

*Murthy v. Missouri*,
    603 U.S. 43 (2024) ......................................................................................... 4

*Nelson Radio & Supply Co. v. Motorola, Inc.*,
    200 F.2d 911 (5th Cir. 1953)........................................................................ 19

*Pearson v. Callahan*,
    555 U.S. 223 (2009) ............................................................................. 7, 8, 15

*Perry Educ. Ass'n v. Perry Local Educators' Ass'n*,
    460 U.S. 37, 460 U.S. 37 (1983)................................................................... 10

*Petta v. Rivera*,
    143 F.3d 895 (5th Cir. 1998)........................................................................... 1

*Pfannstiel v. City of Marion*,
    918 F.2d 1178 (5th Cir. 1990)................................................................. 18, 20

*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001)........................................................................ 21

*R2 Invs. LDC v. Phillips*,
    401 F.3d 638 (5th Cir. 2005)........................................................................... 5

*Ream v. City of Heath*,
    No. 14–4338, 2015 WL 4393307 (N.D. Tex. Jul. 16, 2015) ...................... 10

*Rowe v. City of Cocoa, Fla.*,
    358 F.3d 800 (11th Cir. 2004).................................................................. 16, 17

*Smith v. Wade*,
    461 U.S. 30 (1983) ....................................................................................... 22

*Speech First, Inc., v. Fenves*,
    979 F.3d 319 (5th Cir. 2020)........................................................................... 6

*Stein v. Dallas Cty.*,
  No. 3:22-CV-1255-D, 2023 WL 2700720 (N.D. Tex. March 29, 2023) ...................... 13, 16, 17

*Steinburg v. Chesterfield Cty. Planning Comm'n*,
  527 F.3d 377 (4th Cir. 2008)..................................................................... 12, 14, 16, 17

*Swilley v. City of Houston*,
  457 Fed. Appx. 400 (5th Cir. 2012) ..................................................................... 19, 20

*Texas v. United States*,
  523 U.S. 296 (1998) .................................................................................................. 6

*Texas v. Yellen*,
  105 F.4th 755 (5th Cir. 2024)..................................................................................... 6

*Thompson v. City of Galveston*,
  979 F. Supp. 504 (S.D. Tex. 1997) ........................................................................... 19

*Torns v. City of Jackson*,
  622 F. App'x 414 (5th Cir. 2015) ............................................................................... 8

*United States v. Riggs*,
  314 F.3d 796 (5th Cir. 2002)....................................................................................... 5

*Vann v. City of Southaven, Miss.*,
  884 F.3d 307 (5th Cir. 2018)....................................................................................... 9

*Walters v. McMahen*,
  795 F.Supp.2d 350 (D. Md. 2011) ............................................................................ 19

*Wenthold v. City of Farmers Branch, Tex.*,
  No. 3:11–CV–0748–B, 2012 WL 467325 (N.D. Tex. Feb.14, 2012)............................... passim

*White v. City of Norwalk,*
  900 F.2d 1421 (9th Cir. 1990).................................................................................. 13

*White v. Pauly,*
  137 S. Ct. 548 (2017) ................................................................................................ 8

*Wright v. McCain,*
  703 F. App'x. 281 (5th Cir. 2017)................................................................................ 5

*Young v. City of Irving,*
  No. 3:23-CV-1423-D, 2025 WL 888430 (N.D. Tex. Mar. 21, 2025)...................................... 19

*Zarnow v. City of Wichita Falls, Tex.*,
  500 F.3d 401 (5th Cir. 2007).................................................................................. 8

**Statutes**

28 U.S.C. § 1367 ................................................................................................................ 18

42 U.S.C. §§ 1983 and 1985 ....................................................................................... passim

Tex. Const. art. V, § 18(b) ............................................................................................ 20, 21

Tex. Local Gov't Code § 81.001(b) .................................................................................. 13

**Rules**

Fed. R. Civ. P. 12(b) .................................................................................................... 3, 4, 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CJ GRISHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-716-Y |
| | § | |
| TIM O'HARE, ET AL, | § | |
| | § | |
| Defendants. | § | |

---

### DEFENDANT TIM O'HARE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

---

Defendant Tim O'Hare ("Defendant" or "O'Hare"), by and through the undersigned counsel, files this Motion to Dismiss under Fed. R. Civ. R. 12(b)(1) and 12(b)(6) and asserts the defense of qualified immunity in opposition to the Plaintiff's Complaint ("ECF No. 17"). In support of these motions, O'Hare states the following:

### I.     MOTION TO DISMISS

### A.     Factual and Procedural Background

Christopher J. Grisham ("Grisham" or "Plaintiff") sues Tarrant County Judge Tim O'Hare, in his individual and official capacities under 42 U.S.C. §§ 1983 and 1985 for alleged civil rights conspiracy and denial of his First Amendment rights.[1] ECF No. 17, ¶¶ 1; 148-165; 191-197. Grisham is a self-professed gun rights advocate and founder of Open Carry Texas, with a history

---

[1] Grisham's First Amended Complaint makes singular mention of Ninth and Fourteenth Amendment violations, but the pleadings do not set forth any claims against O'Hare or any other defendant for these alleged violations. *See generally* ECF No. 17, ¶¶ 1, 164. The Ninth Amendment does not confer substantive rights on which a civil rights claim may be based. ECF No. 17, ¶ 1. *See Johnson v. Tex. Bd. Of Crim. Justice*, 281 F. App'x 319, 320 (5th Cir. 2008); *Jennings v. Clay*, No. 2:13–CV–0015, 2013 WL 3388403, at *4 (N.D. Tex. July 8, 2013). A Fourteenth Amendment claim is not viable unless the alleged misconduct is not susceptible to a proper analysis under another right. *See Petta v. Rivera*, 143 F.3d 895, 901 (5th Cir. 1998). Here, Grisham brings claims under the First, Second, and Fourth Amendments, making a Fourteenth Amendment claim superfluous. *Id.*

of lobbying for pro-gun legislation. *Id*. at ¶¶ 17. Grisham admits to having a volatile temperament, particularly in confrontational or high-stress situations. *Id*. at ¶¶ 17, 25.

On January 28, 2025, Grisham addressed the Tarrant County Commissioners Court ("TCCC") during a public comment session on the TCCC's proposed rules of decorum.[2] *Id.* at ¶¶ 69, 76-78.   In his public comments to TCCC, Grisham spoke about an unrelated matter (not on the agenda) and used profanity. *Id.* at ¶ 78.   In response, O'Hare, the TCCC's presiding officer, directed that Grisham be removed from the meeting for using vulgar profanity in a limited public forum. *Id.* at ¶¶ 6, 79-84.

Grisham asserts that the TCCC's "rules of decorum" or a general prohibition on profanity in a limited public forum violate the First Amendment, and O'Hare violated his First Amendment rights when he dismissed Grisham from the meeting for using profanity. *Id.* at ¶ 72, and Count II, ¶¶ 108-24.  However, Grisham fails to sufficiently identify with the requisite particularity what the "rules of decorum" are, what rules were in effect and when, how they violate the Constitution, how O'Hare violated the Constitution, and what injury he suffered because of these rules and O'Hare's actions. *Id.* at ¶¶ 69, 72; *see also* Section II. B. *infra* (O'Hare's 12(b)(1) motion to dismiss for lack of subject matter jurisdiction). Because a public comment session of the Commissioners Court is a limited public forum, a fact which Grisham admits to, it is constitutionally permissible for the presiding officer to have a speaker removed for speaking off-topic and using profanity. ECF No. 17, ¶ 150.

For these reasons, Grisham's pleadings should be dismissed for lack of jurisdiction and failure to state a claim against O'Hare for any alleged Constitutional violation. Furthermore,

---

[2] Grisham's First Amended Complaint also alleges constitutional violations committed by Defendants Tarrant County and multiple Tarrant County Sheriff's Office deputies on January 14, 2025, but Grisham brings no claims against O'Hare based on the events of January 14. *See generally* ECF No. 17, ¶¶ 19-71.

O'Hare is entitled to qualified immunity for his objectively reasonable conduct that did not violate the clearly established precedents of the Supreme Court and Fifth Circuit.[3]

## B.    Grounds for Relief

Under Rule 12(b)(1), Plaintiff's First Amendment claims against Defendant O'Hare involving the proposed Rules of Decorum should be dismissed for lack of subject matter jurisdiction.

Under Rule 12(b)(6), Plaintiff's claims against Defendant Tim O'Hare should be dismissed on the following grounds:

(1)    Plaintiff fails to state claims under the First Amendment to the United States Constitution;

(2)    Plaintiff fails to state a claim arising under the Texas Constitution;

(3)    Plaintiff fails to state a claim for a civil rights conspiracy;

(4)    Plaintiff cannot state an independent official capacity claim because such claims are considered redundant claims against the County;

(5)    Plaintiff cannot state a claim of "*Monell* liability" against an individual; and

(6)    Plaintiff fails to state a claim for punitive damages and attorney's fees.

*See* Fed. R. Civ. P. 12(b)(6).

Furthermore, O'Hare is entitled to qualified immunity for actions that were objectively reasonable and did not violate clearly established law. Accordingly, the Court should dismiss for failure to state a claim against O'Hare and grant him qualified immunity.[4]

---

[3] This Court properly entered an order staying all discovery in this case until the individual Defendants' assertions of qualified immunity are fully adjudicated. *See* ECF No. 16, ¶ 3. *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022).
[4] The Court must accept as true only *well-pleaded* facts, but the Defendants, by identifying Plaintiff's alleged facts herein for purposes of this motion, does not admit such alleged facts.

3

Pursuant to *Carswell v. Camp*, 54 F.4th 307 (5th Cir. 2022), the Court should enter an order staying all proceedings and all discovery in this case until O'Hare's assertion of qualified immunity, as well as the assertions of qualified immunity by any other Defendants in their motions to dismiss, are fully adjudicated.

## II.    BRIEF IN SUPPORT OF MOTION TO DISMISS

### A.    Standards of Review

#### i.    *Dismissal for lack of subject matter jurisdiction.*

Plaintiff's claim involving the "rules of decorum" or "decorum policy" which were discussed and considered on January 28, 2025, should be dismissed because this claim is not ripe for adjudication. ECF No. 17, ¶¶ 98, 101. Therefore, Plaintiff does not have standing to assert a First Amendment claim based on the alleged unconstitutionality of the "rules of decorum" or "decorum policy." *Murthy v. Missouri*, 603 U.S. 43, 57 (2024); *Lujan v. Def's of Wildlife*, 504 U.S. 555, 560-61 (1992). This Court may determine that subject matter jurisdiction is lacking based on the complaint alone. *King v. U.S. Dep't of Veterans Affs.*, 728 F.3d 410, 413 (5th Cir. 2013). As the party asserting jurisdiction, Plaintiff bears the burden of proof for a 12(b)(1) motion to dismiss. *Id.*

#### ii.    *Dismissal for failure to state a claim upon which relief can be granted.*

To avoid a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "demands more than" alleging that "the-defendant-unlawfully-harmed-me ...." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." *Anderson v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 525, 528 (5th Cir. 2008).

4

Claims must include enough factual allegations "to raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555.

Courts should not "strain to find inferences favorable to plaintiffs" or accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a plausible claim for relief. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

Generally, it is well-settled law that *pro se* pleadings are liberally construed in their favor. *Haines v. Kerner*, 404 U.S. 519, 20-21 (1972). Nevertheless, a party's *pro se* status is not an "impenetrable shield" that provides a "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Given Plaintiff is an attorney licensed by the State Bar of Texas and is representing himself in this matter, he is held to a "higher standard" than an unlicensed *pro se* litigant. *Wright v. McCain,* 703 F. App'x. 281, 284 (5th Cir. 2017) (quoting *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)). It would be "peculiar" to show greater leniency for a trained attorney's error than for that of a *pro se* litigant. *Id.*

## B. Grisham failed to state a ripe First Amendment injury.

Grisham's First Amendment claim against O'Hare is not ripe for adjudication in this action because the rules of decorum had not been adopted by Commissioners Court when Plaintiff was removed from the limited public forum for his use of profanity. ECF No. 17, ¶¶ 98-103 (confirming

the allegedly unconstitutional rules of decorum were only "discussed" by the Commissioners Court at the January 28, 2025 meeting, not adopted or in effect).

To establish standing under Article III of the U.S. Constitution, an injury must be "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Texas v. Yellen*, 105 F.4th 755, 763 (5th Cir. 2024) (citations omitted). "Ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Lower Colo. River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017) (citations omitted). A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated or may not occur at all. *Texas v. United States*, 523 U.S. 296, 300 (1998). "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 715 (5th Cir. 2012 (citations omitted).

A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or that may not occur at all. *Texas*, 523 U.S. at 300. Grisham's alleged injury could not have been fairly traceable to the rules of decorum because they were not in effect when he was dismissed from the Commissioners Courtroom. *Lujan*, 504 U.S. at 560-61. The burden rests with Plaintiff to plausibly allege the elements of his claim, including standing. *See Iqbal,* 556 U.S. at 678; *Speech First, Inc., v. Fenves*, 979 F.3d 319, 331 (5th Cir. 2020) (Plaintiff's profanity is not the type of "bedrock political speech" that will justify a relaxed requirement of an injury to support standing). Therefore, any claim based on the unconstitutionality of the rules of decorum is not ripe and should be dismissed for lack of jurisdiction. *Texas*, 523 U.S. at 300; Fed. R. Civ. P. 12(b)(1).

**C. Grisham failed to state section 1983 claims for First Amendment violations.**

Grisham's First Amendment violation claim (Count II) against O'Hare should be dismissed because O'Hare is entitled to qualified immunity in his individual capacity. ECF No. 17, ¶¶ 148-165.

### i. *Qualified Immunity Legal Standard*

Public officials sued in their individual capacities are presumed to enjoy qualified immunity, which is immunity from the lawsuit itself, not merely from liability, and the issue, should be decided in the earliest stage of litigation. *Hunter v. Bryan,* 502 U.S. 224, 227 (1991). Qualified immunity is the rule, not the exception. *See Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994).

To determine a public official's entitlement to qualified immunity, the court must determine (1) whether a plaintiff has plausibly alleged a violation of constitutional right, and if so (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 244 (2009). Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. *Anderson v. Creighton*, 483 U.S. 635, 637-41 (1987).

The key touchstone of the qualified immunity analysis is the "objective legal reasonableness" of the public official's conduct. *Anderson, supra*. Qualified immunity is designed to shield from civil liability "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al–Kidd*, 563 U.S. 731 (2011). It applies regardless of whether the government official's error

is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. *Pearson,* 555 U.S. at 231 (2009) (citation omitted).

"A constitutional right is clearly established for the purposes of section 1983 only if the law is clear enough such that 'a reasonable official would understand that what he is doing violates that right.' *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010). The defense of qualified immunity protects a public employee when performing their duties reasonably. *Pearson*, 555 U.S. at 231. If reasonable officials could differ on the lawfulness of the defendant's conduct, the defendant is entitled to qualified immunity. *Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 407–08 (5th Cir. 2007). Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

### ii.   *Qualified Immunity at the Motion to Dismiss Stage*

"To surmount this barrier at the motion to dismiss stage, the plaintiff[] 'must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm [they have] alleged and that defeat a qualified immunity defense with equal specificity.'" *Torns v. City of Jackson*, 622 F. App'x 414, 416 (5th Cir. 2015) (citing *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)).

Again, a plaintiff must also demonstrate that any claimed wrongdoing violated some clearly established law of which the defendant should have known, and that is sufficiently particularized to the facts of this case. As the Supreme Court has stressed,

> In the last five years, this Court has issued a number of opinions reversing federal courts in qualified immunity cases. The Court has found this necessary both because qualified immunity is important to society as a whole, and because as an immunity from suit, qualified immunity is effectively lost if a case is erroneously permitted to go to trial. As this Court explained decades ago, the clearly established law must be particularized to the facts of the case ... Today, it is again necessary to

8

reiterate the longstanding principle that clearly established law should not be defined at a high level of generality.

*White v. Pauly,* 137 S. Ct. 548, 551-52 (2017) (internal quotation marks and citations omitted).

In short, it is Grisham's burden to overcome O'Hare's entitlement to qualified immunity by "establishing a genuine fact issue as to whether the allegedly wrongful conduct violated clearly established law," including by providing the Court with a sufficiently similar case "that does not define the law at a 'high level of generality." *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 310 (5th Cir. 2018) (quoting *Cass v. City of Abilene*, 814 F.3d 721, 732-33 (5th Cir. 2016)). Here, Grisham has not met his burden on either qualified immunity prong.

### iii. *Grisham has improperly pleaded in the collective and has not shown the personal involvement and responsibility of O'Hare for each alleged Constitutional violation.*

Because Grisham has not pleaded plausible claims of First Amendment violations as to O'Hare, this Court should dismiss Grisham's section 1983 claims against O'Hare (Count II). O'Hare is "entitled to know what … [he] did that is asserted to be wrongful." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) (citation omitted). Here, Grisham has pleaded Count II by referring throughout to a collective group of "Defendants." ECF No. 17, ¶¶ 158-159. The Fifth Circuit states that courts are to disregard bare assertions of collective responsibility, unsupported by concrete factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

As the Seventh Circuit has noted, "liability is personal." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Because the notice pleading requirement of the Federal Rules of Civil Procedure entitle O'Hare to specifically and individually know what he did that is asserted to be wrongful, allegations based on a "theory of collective responsibility" cannot withstand a

motion to dismiss. *Id.* (affirming dismissal of complaint because "a complaint based on a theory of collective responsibility must be dismissed."). Accordingly, Grisham's complaint, which fails to attribute the personal involvement and individual responsibility of O'Hare—as an individual actor—should be dismissed for failure to state a section 1983 claim of First and Fourth Amendment violation against O'Hare.

### iv.    *First Amendment Violation Claims*

Although Grisham declares himself a First Amendment-focused civil rights attorney, he fundamentally misrepresents the government's generally limited ability to restrict speech in a traditional public forum with the more restrictive standard governing speech in the Tarrant County Commissioners Court, which he admits is a limited public forum. *See* ECF No. 17, ¶¶ 18, 150.

Traditional public forums are places that are traditionally devoted to assembly or debate. *Estiverne v. La. State Bar Ass'n*, 863 F.2d 371, 376 (5th Cir.1989) (*quoting Cornelius v. NAACP,* 473 U.S. 788, 802 (1985). This type of forum includes "streets and parks which have immemorially been held in trust for the use of the public and, time out of mind, have been used for purposes of assembly, communicating thoughts between citizens, and discussing public questions." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 460 U.S. 37, 45 (1983). The government's efforts to restrict speech in traditional public fora must withstand strict scrutiny, i.e., show that a content-based prohibition serves a compelling state interest and is narrowly tailored. *See id.* at 45.

However, in a limited public forum, like the Tarrant County Commissioners Court, First Amendment restrictions must (1) not discriminate on the basis of viewpoint; and (2) be reasonable in light of the purpose served by the forum." *Heaney v. Roberts*, 846 F.3d 795, 801-02 (5th Cir. 2017) ("Viewpoint discrimination exists when the specific motivating ideology or the opinion or

10

perspective of the speaker is the rationale for the restriction."). In limited public fora, the government may impose reasonable, viewpoint-neutral restrictions on speech to preserve "the civility and decorum" necessary to further the purpose of the meeting. *Ream v. City of Heath*, No. 14–4338, 2015 WL 4393307, at *3 (N.D. Tex. Jul. 16, 2015) (internal quotations omitted). "Restrictions on speech in a limited public forum are subject to a lower level of scrutiny than those in a traditional or designated public forum." *Wenthold v. City of Farmers Branch, Tex.*, No. 3:11–CV–0748–B, 2012 WL 467325, at *7 (N.D. Tex. Feb.14, 2012).

### v. *Grisham did not plead a First Amendment violation claim against O'Hare.*

Grisham presents a fundamentally flawed interpretation of the First Amendment that ignores the well-established balance between free speech and the government's authority to maintain order and civility in a limited public forum. ECF No. 17, ¶ 104. He incorrectly asserts that profanity in a limited public forum cannot be restricted, but this claim misapplies First Amendment protections and disregards controlling precedents. *Id.* at ¶¶ 104-105, 161-164.

In a limited public forum, like the January 28, 2025 Tarrant County Commissioners Court meeting, Grisham's First Amendment rights have limits. The Northern District previously held that:

> "Courts discussing public comment periods at government meetings have routinely found that the governing body may…prevent disruptions of the meeting…[A governing body's] legitimate interest in conducting efficient, orderly meetings…[permits the] ejection of disruptive citizens from a meeting under decorum regulations[, and a]…'great deal of discretion'…must be left to the governing entity."

*Wenthold*, 2012 WL 467325 at *9 (N.D. Tex. Feb. 14, 2012), *aff'd*, 532 F. App'x 474 (5th Cir. 2013) (*per curiam*). In *Wenthold*, the Court held that ejecting a disruptive citizen from a city council meeting for violating decorum rules, including speaking on irrelevant matters, is constitutionally permissible. *Id.* at *10. There is "no authority that a presiding officer's response

11

to a speaker's off-topic remarks necessarily opens the First Amendment floor to discussion of that topic." *Id.* at \*10. A presiding officer may stop the speaker if the speech becomes irrelevant or repetitious. *Id.* at \*9.

For public meetings to properly function, a citizen's First Amendment rights must be balanced with the need to conduct orderly public meetings. *Id.* at \*9. Courts have therefore held that governmental bodies, like the Commissioners Court, are justified:

> "In imposing reasonable restrictions to preserve the civility and decorum necessary to further the forum's purpose of conducting public business. Because of government's substantial interest in having such meetings conducted with relative orderliness and fairness to all, officials presiding over such meetings must have discretion, under the 'reasonable time, place, and manner' principle, to set subject matter agendas, and to cut of speech which they reasonably believe to be, or imminently to threaten, a disruption of the orderly and fair progress of the discussion, whether by virtue of its irrelevance, its duration, or its very tone and manner…[D]isruption of the orderly conduct of public meetings is indeed one of the 'substantive evils that government has a right to prevent."

*Steinburg v. Chesterfield Cty. Planning Comm'n*, 527 F.3d 377, 385 (4th Cir. 2008) (internal quotations omitted) *cert. denied*, 555 U.S. 1046 (2008). In *Steinburg*, the Fourth Circuit held that a content-neutral policy against personal attacks is not facially unconstitutional, so long as that policy serves a legitimate public interest in that limited public forum and is "unrelated to the content of expression…even if it has an incident[al] effect on some speakers or messages but not others." *Id.* at 387 (citation omitted). A government body has a legitimate government interest in conducting orderly, efficient meetings. *Finger v. Garza*, No. SA–02–CA–0956–RF, 2003 WL 22768236, at \*2 (W.D. Tex. Oct.7, 2003), *aff'd*, 98 F. App'x 326 (5th Cir. 2004) (granting summary judgment in favor of the city).

In *Gjemre,* the district court granted qualified immunity to the defendant-mayor, who ejected a public speaker during a public comment session in which the speaker strayed off the agenda item at issue and exhibited disruptive behavior. *Gjemre v. Leffingwell*, No. A-13-CA-729-

12

SS, 2015 WL 433506, at *6-7 (W.D. Tex. Feb. 2, 2015) (granting dismissal under Rule 12(b)(6) and summary judgment).

Here, on January 28, 2025, during Grisham's public comment on a TCCC agenda item, he stated:

> "I came here last time because my good friend, Mason Yancy, was murdered in the jail…That's why I meant to come here. But you didn't hear from me. The reason you didn't hear from me is because the thugs that you have outside the door there assaulted me, threw me in handcuffs for no reason whatsoever, and tried to arrest me. Thankfully, Sheriff [Waybourn] thought the better of valor and listened to me when I told him to read the fucking law."

*Id.*, ¶¶ 108. O'Hare is the elected Tarrant County Judge, and the statutory presiding officer of the Tarrant County Commissioners Court responsible for maintaining order of its public meetings. Tex. Local Gov't Code § 81.001(b). Grisham's pleadings fail to plausibly allege that O'Hare was motivated by Grisham's ideology, perspective, or opinion. *See Heaney*, 846 F.3d at 802. O'Hare allowed Grisham to speak on issues in the Tarrant County Jail, as well as issues he faced with TCSO deputies on January 14, 2025 during a TCCC meeting. ECF No. 17, ¶¶ 107-108. It was not until Grisham uttered the word "fucking" that O'Hare exercised his discretion to maintain the civility of the meeting and request Grisham's removal. *Id.* at ¶ 108.

The only plausible allegation present within Grisham's pleadings is that O'Hare's primary motivation was maintaining civility by disallowing profanity during the TCCC meeting. ECF No 1, ¶ 113; *Wenthold,* 2012 WL 467325 at *10. Grisham admits to using profanity, and states no other reason for which he was dismissed from the meeting. ECF No. 17*, ¶¶ 69, 76–78, see Stein v. Dallas Cty.*, No. 3:22-CV-1255-D, 2023 WL 2700720 at *5 (N.D. Tex. March 29, 2023); *Gjemre v. Leffingwell,* No. A-13-CA-729-SS, 2015 WL 433506, at *6 (W.D. Tex. Feb. 2, 2015) (granting dismissal under Rule 12(b)(6) and summary judgment and holding that the actions of the city mayor (and presiding officer) to eject the plaintiff was objectively reasonable after plaintiff

13

violated the rules of a decorum in a limited public forum); *White v. City of Norwalk,* 900 F.2d 1421, 1426 (9th Cir. 1990) (holding prohibition of profanity in a limited public forum is not unconstitutionally overbroad).

As evidenced by the Supreme Court precedent that Grisham relies upon, he is conflating two different legal standards for First Amendment speech: traditional public forum v. limited public forum. ECF No. 17, ¶ 147.  The only decision he cites that warrants discussion is *Cohen v. California*, 403 U.S. 15 (1971), but both its pertinent facts and relevant holding are readily distinguishable from the events of January 28. In *Cohen*, the defendant was criminally convicted for disturbing the peace by silently walking through a courthouse corridor wearing a jacket that read "Fuck the Draft." *Id.* at 16.  There, the Supreme Court held that criminalizing the public *display* of a "single four-letter expletive" is unconstitutional. *Id.* at 26 (emphasis added). Here, Grisham was not silently displaying a word on his clothing or even a sign, but rather, he was vocally directing profanity at elected officials during a public meeting convened to discuss adopting rules of decorum. Unlike *Cohen*, where no disruption to court proceedings occurred, Grisham's conduct did not occur in a hallway but inside the Commissioners Courtroom during a meeting (a limited public forum) with an established agenda and during a discussion explicitly focused on maintaining order and civility. *Cohen* does not support Grisham's claim that he is permitted to utter profanities in a public meeting of a government body.

Lastly, Grisham's attempt to distinguish the Commissioners' Court from a judicial forum is a red herring. ECF No. 17, ¶ 115. Whether functioning in a legislative or judicial capacity, a presiding officer retains the authority to regulate speech for the purpose of ensuring orderly proceedings. *Wenthold,* 2012 WL 467325 at *9. This includes enforcing time, place, and manner restrictions such as prohibitions on profanity and irrelevant commentary. *Steinburg*, 527 F.3d at

14

385. Grisham knowingly used profanity. *Compare* ECF No. 17, ¶¶ 73, 98. Under the clearly established law in the Fifth Circuit, O'Hare's conduct was not only appropriate but constitutionally permissible and objectively reasonable. *Gjemre,* 2015 WL 433506 at *6.

Grisham does not have any entitlement to the unfettered exercise of profanity whenever and wherever he chooses. *See Adderley v. Florida*, 385 U.S. 39, 47-48 (1966). Vulgar, offensive, and shocking speech must be viewed in its specific context and is "not entitled to absolute constitutional protection under all circumstances." *FCC v. Pacifica Found.*, 438 U.S. 726, 747-48 (1978). Therefore, Grisham fails to state a First Amendment violation, and his claims against O'Hare should be dismissed. *Wenthold,* 2012 WL 467325 at *10.

> **vi.** ***O'Hare is entitled to qualified immunity on Grisham's First Amendment claim.***

To determine a public official's entitlement to qualified immunity, the court must determine (1) whether the facts that a plaintiff has plausibly alleged is a violation of constitutional right, and if so (2) whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. *Pearson*, 555 U.S. at 244.

"Unless existing precedent squarely governs the conduct at issue, an official will be entitled to qualified immunity." *Cope v. Cogdill*, 3 F.4th 198, 204 (5th Cir. 2021) (quoting *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (*per curiam*)) (internal quotation marks omitted). "Generally, to satisfy this standard, the plaintiff must identify a case in which [a public official] acting under similar circumstances was held to have violated the Constitution and explain why the case clearly proscribed the conduct of that [public official]." *Id*. at 205 (quoting *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020)) (internal brackets and punctuation omitted).

15

Grisham must "identif[y] a controlling precedent that squarely governs the specific facts at issue. *Kisela v. Hughes*, 584 U.S. 100, 104-05 (2018). The Supreme Court has called it a "demanding standard." *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018).

Grisham's pleadings do not meet this demanding standard. *See generally*, ECF No. 17, ¶¶ 104-105, 148-165. First, as argued above, Grisham fails to plausibly allege that O'Hare violated Grisham's First Amendment rights as the controlling precedents permit a presiding officer of a limited public forum to exercise his discretion in enforcing reasonable time, manner, and place restrictions that maintain the meeting's order and civility. *See Stein*, 2023 WL 2700720, at *5; *Steinburg*, 527 F.3d at 385; *Rowe v. City of Cocoa, Fla.*, 358 F.3d 800, 803 (11th Cir. 2004); *Wenthold*, 2012 WL 467325, at *9; and *Gjemre*, 2015 WL 433506, at *1. Considering Grisham's conduct during the hearings, O'Hare's decision to cancel his speaking time and eject Grisham is not objectively unreasonable in light of clearly established law. *Id.*

If O'Hare violated Grisham's First Amendment rights, Grisham failed to plausibly allege that a reasonable presiding officer in O'Hare's position would know that he was violating any constitutional rights. *Anderson*, 483 U.S. at 639 (applying a reasonable officer standard). Qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments" and "protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012). As the presiding officer, O'Hare made a split-second decision to eject Grisham in order to efficiently stay on topic and prevent further disruptions to the agenda. *Steinburg,* 527 F.3d at 385 (holding that a presiding officer may set subject matter agendas and cut off speech which they reasonably believe to be a disruption to the orderly and fair progress of the meeting).

Further, Grisham does not demonstrate that his rights under these particular circumstances were clearly established such that all officials in O'Hare's position would know immediately that silencing and ejecting him from the meeting would have violated his constitutional rights. *Morrow v. Meacham*, 917 F.3d at 874 (5th Cir. 2019) (quotations and citations omitted) ("The dispositive questions is whether the violative nature of the particular conduct is clearly established."). Any alleged unconstitutionality of O'Hare's conduct was not "beyond debate" for the purposes of the qualified immunity analysis. *Id.*

It is difficult to fathom that O'Hare would consider himself obligated to allow Grisham, or any member of the public, to speak on irrelevant topics, use disruptive profanity, and hinder the orderly and efficient administration of the Commissioners Court, which would also prevent other citizens with relevant comments from exercising their First Amendment rights. *Steinburg,* 527 F.3d at 385 (the government has substantial interest in having meetings conducted with relative orderliness and fairness to all). As such, O'Hare is entitled to qualified immunity from Plaintiff's First Amendment claims. *Stein*, 2023 WL 2700720, at *5; *Steinburg*, 527 F.3d at 385; *Rowe*, 358 F.3d at 803; *Wenthold*, 2012 WL 467325, at *9; and *Gjemre*, 2015 WL 433506, at *1.

**D.    Official capacity claims are redundant claims against the County and should be dismissed.**

Grisham also sues O'Hare in his official capacity, as well as Tarrant County alleging an unconstitutional *Monell* policy, practice, or custom. ECF No. 17*, ¶¶ 6, 11, 198-211. It is well-settled law that official capacity claims against individual government employees are redundant claims against the employing government agency. *Kentucky v. Graham*, 473 U.S. 159, 167, fn. 14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials, for under *Monell, supra,* local government units can be sued directly for damages and

injunctive or declaratory relief."). As such, it is proper for this Court to dismiss the official capacity claims against O'Hare. *Graham,* 473 U.S. at 167.

**E.      There are no implied causes of action for purported violations of the Texas Constitution.**

Grisham is barred from seeking relief for rights secured under the Texas Constitution. ECF No. 17, ¶ 1. Generally, no claim for damages may be brought for violation of the Texas Constitution because there is neither a statutory cause of action similar to 42 U.S.C. § 1983 nor an implied cause of action permitted under state law. *See Gillum v. City of Kerrville*, 3 F.3d 117, 121–22 (5th Cir.1993) ("Texas courts have not recognized a violation of Article I, Section 8, as an actionable constitutional tort), cert. denied, 510 U.S. 1072 (1994); *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 150 (Tex.1995) (holding "there is no implied private right of action for damages under the Texas Constitution when an individual alleges the violation of speech and assembly rights"); *Jones v. City of Stephenville*, 896 S.W.2d 574, 577–78 (Tex.App.—Eastland 1995, no writ) (affirming the district court's dismissal of the plaintiff's damages claim for constitutional violations); *Calhoun v. City of Austin, Texas,* No. A-06-CA-185 AA, 2006 WL 2136153 at *1 (W.D. Tex. July 26, 2006) ("It is well settled law that Texas has no provision comparable to § 1983 and there is no private cause of action for damages implied under the Texas Constitution."). Simply stated, Texas does not recognize a common law cause of action for damages to enforce state constitutional rights. *Bouillion*, 896 S.W.2d at 150. Therefore, Grisham fails to state a viable claim for relief under the Texas Constitution, and the Court should dismiss it or decline to exercise supplemental jurisdiction. 28 U.S.C. § 1367.

**F.    Section 1985(3) conspiracy claims are barred by the intracorporate conspiracy doctrine.**

To state a civil conspiracy claim under § 1983, Plaintiff must allege both an agreement among the defendants to commit an illegal act and an actual deprivation of constitutional rights. *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994); *see also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990) ("[A] conspiracy claim is not actionable without an actual violation of section 1983."). It is a general principle in conspiracy law that a conspiracy requires two or more persons or entities. *Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1953). This principle gave rise to the intracorporate conspiracy doctrine, which provides that a "corporation cannot conspire with itself any more than a private individual can," and "that the acts of the agents are the acts of the corporation." *Hilliard v. Ferguson*, 30 F.3d 649, 653 (5th Cir. 1994) (citing *Nelson Radio*, 200 F.2d at 914). "[B]ecause the acts of corporate agents are attributable to the corporation itself, a corporation lacks the multiplicity of actors required to form a conspiracy." *Young v. City of Irving,* No. 3:23-CV-1423-D, 2025 WL 888430, at *10 (N.D. Tex. Mar. 21, 2025) citing *Walters v. McMahen*, 795 F.Supp.2d 350, 358 (D. Md. 2011).

The intracorporate conspiracy doctrine arose out of antitrust cases, but the Fifth Circuit and its district courts permit the doctrine's application to public entities and has extended it to civil rights conspiracies under §1983. *Collins v. Bauer*, No. 3:11–CV–00887–B, 2012 WL 443010, at *7 (N.D. Tex. Jan. 23, 2012), rec. adopted, 2012 WL 444014 (N.D. Tex. Feb. 10, 2012); *see also Swilley v. City of Houston*, 457 Fed. Appx. 400, 404 (5th Cir. 2012) (*per curiam*) (holding that § 1985 claim fails because, *inter alia*, "[t]he City of Houston is a single legal entity and, as a matter of law, its employees cannot conspire among themselves."); *Thompson v. City of Galveston*, 979 F. Supp. 504, 512 (S.D. Tex. 1997) (granting motion to dismiss § 1983 conspiracy claim where individual defendants were both "employees of the Galveston Police Department" and "for the

19

purposes of Plaintiff's § 1983 conspiracy claim, the Galveston Police Department and its employees constitute a single legal entity which is incapable of conspiring with itself.").

The doctrine would not apply if the corporate employees acted "for their own personal purposes" or "personal motives." *Benningfield v. City of Houston*, 157 F.3d 369, 379 (5th Cir. 1998) (affirming summary judgment in the Defendants' favor of a Section 1985(3) conspiracy claim). There are no plausible allegations stated or reasonably inferred that the Defendants acted for personal purposes. To the contrary, the Plaintiff plausibly alleges O'Hare's actions fell within his role as the presiding officer of the Commissioners Court. ECF No. 17, ¶¶ 98, 103, 106. The conspiracy claim is barred by the intracorporate conspiracy doctrine. *Swilley,* 457 Fed. Appx. at 404. The sole exception is inapplicable as there are no plausible facts alleged or inferred that O'Hare acted for his own personal purposes or motives. *black,* 157 F.3d at 379. Accordingly, the Plaintiff fails to state a civil rights conspiracy claim, and the Court should dismiss it. *Pfannstiel*, 918 F.2d at 1187.

## G.    Plaintiff cannot state a claim of *Monell* liability against O'Hare, an individual.

In Count VI, Plaintiff brings a claim of "*Monell* Liability" against Defendants Tarrant County and O'Hare. ECF 17, ¶¶ 198-211. Plaintiff incorrectly and in a conclusory fashion states that O'Hare is a "final policy maker for Defendant Tarrant County." *Id.* at 208. This is not true. The Texas Constitution created the County Commissioners Court and declared the County Judge as the "presiding officer" of the Commissioners Court which "shall exercise such powers and jurisdiction over all county business" as constitutionally and lawfully conferred. Tex. Const. Art. V, § 18(b). O'Hare, as the County Judge for Tarrant County also presides over the county's five-member governing body. *Daves v. Dallas Cty.,* 22 F.4th 522, 535 (5th Cir. 2022). However, it is the Commissioners Court as a governing body that adopts the policies of Tarrant County. *See*

20

*generally* Tex. Const. Art. V, § 18(b). Even if O'Hare were a final decisionmaker for Tarrant County, which is he not, *Monell* does not set forth a standard of individual liability for a final policymaker in § 1983 cases but rather establishes elements necessary to establish municipal (or in this case, county) liability. *See generally*, *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978).

A *municipality* may be liable under § 1983 only if the execution of one of its customs or policies deprives a plaintiff's constitutional rights. *Id.* (emphasis added). *Counties* are considered municipalities for purposes of establishing § 1983 liability under *Monell*. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008) (emphasis added). Because a respondeat superior theory of liability is not an accepted theory of liability for § 1983 cases, *Monell* sets forth the elements by which a municipality may be liable for violation of constitutional rights. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) *citing Monell*, 436 U.S. at 694. These elements are (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose 'moving force' is the policy or custom. *Id.* *Monell* does not set forth a separate test for individual liability based on someone being a "final policymaker." *See generally*, *Monell*, 436 U.S. at 694-95 (discussing only municipal liability, not individual liability, in a § 1983 context).

Here, Grisham's allegations are inconsistent because he alleges both that O'Hare is a final policymaker and that "O'Hare and other members of the Tarrant County Commissioners Court discussed a new 'decorum policy' that [O'Hare] *wanted to institute*" and that was "being voted on" during the January 28 court session. ECF No. 17, ¶¶ 98, 208. Therefore, O'Hare could not *institute* the rules of decorum if a majority of the five-member County Commissioners' Court did not *vote* on its adoption. *See generally* Tex. Const. Art. V, § 18(b). As such, O'Hare is not the final policy maker on whether to officially adopt the rules of decorum for the County, and Plaintiff

21

has not pleaded a cause of action against O'Hare (or the County) for § 1983 civil rights violations under a *Monell* theory of liability.[5]

## H.    Grisham did not state a claim for punitive damages.

Finally, Grisham has failed to state a claim for exemplary damages from O'Hare. Grisham pleads no underlying allegations as to any defendant, and he simply asks for exemplary/punitive damages "against all Defendants" in his Prayer for Relief. ECF No. 17, PageID 291. Punitive damages may only be warranted "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Because Grisham has not pleaded any allegations as to O'Hare (or any other individual defendant) on these elements, this Court should dismiss Grisham's claims for punitive damages against O'Hare and all other individual defendants.

## I.    The Supreme Court bars a *pro se* plaintiff-attorney from entitlement to attorney's fees.

In his Complaint, the Plaintiff requests "reasonable attorney's fees and costs of this action should Plaintiff hire an attorney during the course of this litigation." ECF No. 17, Page ID 291. The relief requested is unclear. To the extent Platiniff seeks compensation for his own work on this case, that is improper. In, *Kay v. Ehrler*, 499 U.S. 432 (1991) a *pro se* plaintiff-attorney successfully brought a civil rights action against state officials, and the district court entered a judgment in the plaintiff-attorney's favor and denied his motion for attorney's fees. *Id.* at 434. The Sixth Circuit affirmed the district court's decisions. *Id.* at 435. The Supreme Court granted certiorari and unanimously affirmed the Sixth Circuit's denial of attorney's fees holding that a *pro*

---

[5] Tarrant County also brings a 12(b)(6) motion to dismiss for Plaintiff's failure to state a claim for relief under a *Monell* theory of liability.

*se* plaintiff-attorney is not entitled to attorney's fees even if successful in a civil rights action. *Id.* at 438.

The Court reasoned that Congress intended § 1988 fee awards to apply only where an attorney-client relationship exists. *Id.* at 436. Section 1988's purpose is to encourage a civil rights plaintiff's access to independent counsel, which should improve the quality and objectivity of litigation; however, in situations such as the one created by Mr. Grisham, the allure of attorney's fees "would create a disincentive to employ [oneself] whenever such [an attorney] considered himself competent to litigate on his own behalf." *Id.* at 437-38. *See also De Mino v. Achenbaum*, 136 Fed.Appx. 695, 696 (5th Cir. 2005) (affirming the district court's denial of attorney's fees under Section 1988 to the *pro se* attorney-plaintiff). Therefore, even if the Plaintiff is successful on any of his causes of action, his demand for attorney's fees is without a legal basis, and the Court should dismiss it. *Kay*, 499 U.S. at 438.

### III.    **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant Tim O'Hare prays that this Court grant this motion and dismiss Plaintiff Christopher J. Grisham's claims against him. O'Hare further prays that he be granted such other and further relief to which he may show himself to be justly entitled.

Respectfully submitted,

/s/ *Katherine E. Owens*
Katherine E. Owens
State Bar No. 24081683
keowens@tarrantcountytx.gov
**Craig M. Price**
State Bar No. 16284170
cmprice@tarrantcountytx.gov
cmprice@tarrantcountytx.gov
Assistant Criminal District Attorneys

23

PHIL SORRELLS
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS

Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1409 – Telephone
817-884-1675 – Facsimile
**ATTORNEYS FOR DEFENDANT**
**TIM O'HARE**

## CERTIFICATE OF SERVICE

On November 6, 2025, I served a copy of the above document on all counsel of record via ECF.

/s/ *Katherine E. Owens*
Assistant Criminal District Attorney

24