# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **CJ GRISHAM,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | |
| | § | |
| | § | |
| | § | |
| **TIM O'HARE** | § | |
| ***In his personal and official*** | § | |
| ***Capacities,*** | § | |
| **CHIEF DEPUTY CRAIG** | § | **CIVIL ACTION NO. 4:25-cv-716-Y** |
| **DRISKELL,** | § | |
| ***In his supervisory, official, and*** | § | |
| ***personal capacities,*** | § | |
| **SERGEANT ORVILLE GEORGE** | § | |
| ***In his personal and official*** | § | |
| ***Capacities,*** | § | |
| **SERGEANT MICHAEL JAUSS** | § | |
| ***In his personal and official*** | § | |
| ***Capacities,*** | § | |
| **CHIEF DEPUTY GABBERT** | § | |
| ***In her personal and official*** | § | |
| ***Capacities,*** **and** | § | |
| **TARRANT COUNTY,** | § | |
| | § | |
| ***Defendants*** | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT

NOW COMES CJ Grisham and files this Response to Defendant O'Hare's Motion to Dismiss and Motion to Stay Discovery under FRCP 12(b)(6) and would show why Defendant is not entitled to Qualified Immunity for violating Plaintiff's rights and why the Court should order immediate discovery in this case.  In support of his opposition to Defendant's motions, Plaintiff provides the Court with the following:

## I.   <u>DEFENDANT IS NOT ENTITLED TO DISMISSAL</u>

### a.  Factual and Procedural Background

Plaintiff reinstates and incorporates the facts contained in his complaint. However, contrary to Defendant O'Hare's statement that "Grisham admits to having a volatile temperament," Grisham has never admitted to having a "volatile temperament."  Grisham clearly stated to the court that, "as the result of…combat and his military service" he uses profanity.  There is nothing "volatile" or "temperamental" about the use of profanity.  If that were the case, 300 million Americans have a "volatile temperament."  This is nothing more than an effort by Defendant to cast himself as the victim and excuse his violations of Grisham's rights.

### b.  Standard for Dismissal under FRCP 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

on its face.'"  *Ascroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).  While a sufficient complaint does not require detailed factual allegations, the facts pled must raise the plaintiff's "right to relief above the speculative level."  *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotes omitted).  A court must draw all reasonable inferences in favor of the plaintiff. *Allen v. Vertafore, Inc.,* 28 F.4th 613, 617 (5th Cir. 2022). However, a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to suvive a motion to dismiss. *Twombly*, 550 U.S. at 555.

Defendant O'Hare is not entitled to qualified immunity because his actions violated clearly established law and were either reasonable, objectively, or even subjectively reasonable.  The Court should deny Defendant O'Hare's motion to dismiss for failure to state a claim and deny him qualified immunity for the following reasons.

## II.     <u>BRIEF IN OPPOSITION TO DEFENDANT O'HARE'S MOTION TO DISMISS</u>

### a. Standards of Review

### i.    *This Court has jurisdiction.*

Shockingly, Defendant O'Hare tries to convince this Court that "rules of decorum" or "decorum policy" that violates the First Amendment should be dismissed because the claim "is not ripe." Nothing could be further from the truth. The rules themselves ARE the violation of the First Amendment that establishes Defendant O'Hare's liability through his discriminatory enforcement of them. The two are inseparable.

Defendant O'Hare has moved to dismiss Plaintiff's First Amendment claim on the grounds that this Court lacks subject matter jurisdiction because the "rules of decorum" at issue had not been formally adopted at the time of the January 28, 2025 Commissioners Court meeting. This argument fundamentally misunderstands both the nature of Plaintiff's claim and the requirements for subject matter jurisdiction in First Amendment cases.

Plaintiff's First Amendment claim does not depend on the formal adoption of the rules of decorum being debated at the hearing Mr. Grisham attended. Rather, it challenges Defendant O'Hare's actual enforcement of content-based restrictions on speech during the January 28, 2025, Commissioners Court meeting, when Defendant O'Hare ordered Plaintiff removed for using profanity in his public comments. He was enforcing rules of decorum at the time he violated Mr.

Grisham's rights, not the new rules that were instituted which further violate the First Amendment.  In fact, the new rules serve as prior restraint because Mr. Grisham has not been back to speak for fear of being arrested for protected speech even under the current rules.

This Court has jurisdiction over Plaintiff's claims because Plaintiff has alleged an actual, concrete injury that occurred when he was removed from the Commissioners Court meeting for engaging in constitutionally protected speech. The fact that formal written rules had not yet been adopted is irrelevant to the Court's jurisdiction over this actual injury.

Defendant's motion to dismiss for lack of subject matter jurisdiction should be denied because Plaintiff has alleged an actual, concrete injury to his First Amendment rights that is ripe for adjudication.

When subject matter jurisdiction is challenged, a plaintiff has the burden to allege facts affirmatively demonstrating that the court has jurisdiction, and the court must construe allegations liberally in favor of jurisdiction unless the petition affirmatively demonstrates a lack of jurisdiction.

Plaintiff's complaint clearly alleges that Defendant O'Hare violated his First Amendment rights by removing him from a public meeting based solely on the content of his speech - specifically, his use of profanity.

5

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

This alleged violation constitutes an actual, concrete injury that is ripe for adjudication, regardless of whether formal written rules of decorum had been adopted at the time.

Defendant's ripeness argument mischaracterizes Plaintiff's claim. Plaintiff is not challenging hypothetical future enforcement of formal written rules that had not yet been adopted. Rather, Plaintiff is challenging Defendant's actual enforcement of content-based restrictions on speech during the January 28, 2025, meeting.

The fact that Defendant was enforcing unwritten or de facto rules of decorum does not deprive this Court of jurisdiction. To the contrary, it demonstrates that Plaintiff suffered an actual injury when he was removed from the meeting for using profanity.  That said, Defendant O'Hare was enforcing "rules of decorum" or a "decorum policy" even if it wasn't the one being voted on at the meeting in question.

Defendant O'Hare's statement that Plaintiff's speech was "not gonna be protected in this courtroom" clearly demonstrates that he was enforcing content-based restrictions on speech, regardless of whether those restrictions had been formally codified.

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

Texas Government Code § 551.007(e) explicitly prohibits governmental bodies from "prohibit[ing] public criticism of the governmental body, including criticism of any act, omission, policy, procedure, program, or service."

By removing Plaintiff from the meeting for using profanity while criticizing county officials, Defendant O'Hare violated both this statutory prohibition and Plaintiff's First Amendment rights.

The fact that Defendant was enforcing content-based restrictions on speech in violation of both Texas law and the First Amendment further supports this Court's jurisdiction over Plaintiff's claims.

Finally, Mr. Grisham alleges that the rules of decorum were enforced inconsistently and discriminatorily, targeting his speech based on its content. For example, Defendant OHare himself violated the rules of decorum by making a personal attack on a fellow commissioner but faced no consequences. This selective enforcement further demonstrates that the rules of decorum were applied in a manner that infringed upon Mr. Grisham's constitutional rights.

### ii.    *Mr. Grisham clearly stated claims for which relief can be granted.*

The standard for a motion to dismiss is governed by Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

555, 127 S. Ct. 1955 (2007). Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,, 678, 129 S. Ct. 1937 (2009). This means that the complaint must include enough factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.

The plausibility standard is not akin to a probability requirement but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. (quoting *Twombly*, 550 U.S. at 570). (2007)) (internal quotation marks omitted). The complaint must offer more than mere labels, legal conclusions, or a formulaic recitation of the elements of a cause of action. While the court must accept all well-pleaded facts as true, it is not required to accept legal conclusions as true. Legal conclusions can provide the framework of a complaint, but they must be supported by factual allegations. A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc*., 677 F.2d 1045, 1050 (5th Cir. 1982).

Mr. Grisham has not only met the minimum standards required by the *Twombly* and *Iqbal* standards, he has more than exceeded them in his pleading before this Court.  As such, Defendant O'Hare's motion to dismiss for failure to state a claim should be dismissed.

8

## b. Grisham has clearly stated Section 1983 claims for 1st and 4th Amendment violations

### i.    Qualified immunity legal standard

No reasonable official could differ on the lawlessness of Defendant O'Hare's conduct.  This is because the Supreme Court, 5th Circuit, and Texas Supreme Court have all made very clear that speech is protected except in narrowly defined circumstances.  "A constitutional right is clearly established for the purposes of section 1983 only if the law is clear enough such that 'a reasonable official would understand that what he is doing violates that right.' *Kovacic v. Villarreal*, 628 F.3d 209, 213 (5th Cir. 2010).

Since "ignorance of the law is not a defense," *United States v. Davis*, 690 F.3d 330,340 (5th Cir. 2012), Defendant O'Hare knew or should have known that he is restricted from prohibiting "public criticism of the governmental body, including criticism of any act, omission, policy, procedure, program, or service." See Tex. Gov't. Code § 551.007. Citizen comments is "a broad designation for an open session of unsolicited citizen comments and questions." *Hays County Water Planning Pshp. v. Hays County*, 41 S.W.3d 174, 180 (Tex. App.-Austin 2001)(quoting Tex. Att'y Gen. Op. No. JC-0169 (2000)).

Mr. Grisham agrees with Defendant O'Hare that Tarrant County Commissioner Court Meetings are considered limited public forums. In limited

public forums, speech is protected to the same extent as in traditional public forums, as long as the forums remain open, but access may be restricted to entities similar to those which have previously been allowed access. *Cornelius v. NAACP Legal Defense & Education Fund*, 473 U.S. 788, 105 S. Ct. 3439, 87 L. Ed. 2d 567 (1985); *See also Perry Education Assn. v. Perry Local Educators' Assn.*, 460 U.S. 37, 103 S. Ct. 948, 74 L. Ed. 2d 794 (1983).

Defendants have the ability to set rules of decorum, provided those rules do not violate free, expressive speech. The Supreme Court has already established that unprotected speech falls into very narrow categories like obscenity, defamation, fraud, incitement, and speech integral to criminal conduct. *United States v. Alvarez*, 567 U.S. 709, 717 (2012). Additionally, speech that invades substantial privacy interests of another in an essentially intolerable manner is also unprotected. *Ex parte Bradshaw*, 501 S.W.3d 665 (Tex. App.—Dallas 2016, pet. ref'd).

"[A]s a general matter, the First Amendment means the government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *United States v. Stevens*, 559 U.S. 460, 468 (2010). At no time did Defendant speak outside of his allotted three minutes of public comment. In fact, he didn't use 30 seconds of his time before Defendant O'Hare violated his right to speak.  Defendant cannot "disrupt" his own public comment period unless he exceeds it. Profanity that does not devolve into obscenity is protected speech. *See*

10

*Eaton v. Tulsa*, 415 U.S. 697, 94 S. Ct. 1228 (1974)(holding that a defendant who called his accusers "chicken shit" in a courtroom was protected speech); *Noles v. Dial*, No. 3:20-CV-3677-N-BK, 2021 U.S. Dist. LEXIS 178694 (N.D. Tex. 2021)(holding that officers did not have probable cause to arrest for a sign that said "SHIT IS FUCKED UP AND STUFF" in public). "Citizens have a right under our constitutional system to criticize government officials and agencies." *Konigsberg v. State Bar of Cal.*, 353 U.S. 252, 269 (1957). This includes the "moral character" of those government officials and agencies. *Id*.

> ii.      *Grisham has properly pleaded against Defendant O'Hare and has shown the personal involvement and responsibility of Defendant O'Hare for each alleged Constitutional violation.*

Mr. Grisham clearly identified the exact words and actions that Defendant O'Hare took in violation of clearly established law. Therefore, Defendant O'Hare is not entitled to qualified immunity because he was on notice that his actions were indefensible in a public forum. Mr. Grisham clearly identified the actions taken by Defendant O'Hare and all other defendants.

It is disingenuous for the Defendant to claim that he is unaware of exactly which actions he is accused of. However, should the court find that Mr. Grisham has not properly bifurcated the claims made and properly assigned them to specific individuals a second or third time, Mr. Grisham requests that he be able to amend his pleadings to make it even more clear what the allegations are against Defendant

11

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

O'Hare.  However, Mr. Grisham believes that he has clearly articulated and Defendant O'Hare is clearly aware of the allegations that related to him.  As Defendant O'Hare himself admitted in his Motion, the "Fifth Circuit states that courts are to disregard bare assertions of collective responsibility, unsupported by concrete factual allegations."  Mr. Grisham clearly stated that Defendant O'Hare "enforced unconstitutional "rules of decorum" that prohibit criticism of public officials and the use of expressive speech like profanity," "clearly violated state law as he criticized the actions of Defendants on January 28, 2025," "without warning, silenced Mr. Grisham within 30 seconds of his speech, and prohibited him from exercising his right to free speech, record public officials in the conduct of their official business, and seek redress from government."

Mr. Grisham has met his burden required under the pleading standards and has adequately alleged plausible claims of First and Second Amendment violations against Defendant O'Hare.  While Texas does not fall within the 7th Circuit case law relied upon by Defendant O'Hare, he has shown personal liability as to his unconstitutional conduct.

### iii.    *First Amendment Violation Claims*

It should be noted as an initial matter, that Defendant O'Hare has not pointed to competent evidence to establish why Plaintiff was removed from the meetings other than his actual speech.  In fact, Defendant O'Hare admits that "It

was not until Grisham uttered the word 'fucking' that O'Hare exercised his discretion to maintain the civility of the meeting and request Grisham's removal." ECF #19 at 13. However, Defendant O'Hare does not cite to any record evidence to support this factual assertion regarding the reason(s) for Mr. Grisham's removal, and fail to specify which Rule of Decorum (or provision thereof) he violated. And, the precise Rule or provision which Mr. Grisham was found to have violated (and the attending reason for removal) is material to the resolution of his as-applied First Amendment challenge. *See, e.g., Wenthold v. City of Farmers Branch, Tex.,* No. 3:11-CV-0748-B WL 467325, at *6 (N.D. Tex. Feb. 14, 2012)(Boyle, J.), *aff'd sub nom. Wenthold v. City of Farmers Branch, Tex.*, 532 Fed. Appx. 474 (5th Cir. 2013)(noting doctrinal implication of whether restriction is content-based or content-neutral). Defendant O'Hare has not pointed the Court to competent evidence that resolves this question.

Defendant O'Hare claims that Mr. Grisham has a "flawed interpretation of the First Amendment that ignores the well-established balance between free speech and the government's authority to maintain order and civility in a limited public forum." ECF #19 at 11. Let's talk about that authority and expose that it is, in fact, Defendant O'Hare (and the rest of Tarrant County authorities) that seems to have a "flawed interpretation" of both the First Amendment and his authority.

13

"Limited public forums are created by government entities when they open property 'limited to use by certain groups or dedicated solely to the discussion of certain subject.'" *Wenthold*, 2012 WL 467325, at *6 (quoting *Christian Legal Soc. Chapter of the Univ. of Cal., Hastings Coll. Of the L. v. Martinez*, 561 U.S. 661, 678 (2010)). "In limited public forums, 'a government may impose restriction on speech that are reasonable and viewpoint neutral.'" *Id.* (first quoting *Christian Legal Soc'y*, 561 U.S. at 679 n. 11, and then citing *Chiu v. Plano Indep. Sch. D.*, 260 F.3d 330, 346 (5th Cir. 2001)).  In contrast, "designated public forums are created by government entities when 'government property that has not traditionally been regarded as a public forum is intentionally opened up for that purpose."  *Id.* at *7 (citing *Christian Legal Soc'y*, 561 U.S. at 679 n. 11).  In designated public forums, content-based restrictions on speech are subject to strict scrutiny – they must be narrowly tailored to serve a compelling government interest. *Id.*

The forum determination bears on the outcome of Mr. Grisham's constitutional challenge due (at least) to the "rules of decorum" or "decorum policy" prohibition on the use of profanity.  A limitation on speech is content-based if it "target[s] speech based on its communicative content[.]"  *Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 163 (2015).  To qualify as content-neutral, a restriction on speech must be "justified without reference to the content of the

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

regulated speech." *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989)(alterations in original)(citations omitted). "A restriction on…profanity…is naturally content-based." *Iancu v. Brunetti*, 588 U.S. 388, 419 (1019)(Sotomayor, J. concurring)(citing *R.A.V. v. City of St. Paul*, 505 U.S. 377, 383 (1992)). In a designated public forum, profanity may not be constitutionally prohibited unless if falls into a category of unprotected speech, such as fighting words. *See Beckerman v. City of Tupelo, Miss.*, 664 F.2d 501, 513-14 (5th Cir. 19812); *cf. Cohen v. California*, 403 U.S. 15, 19-20 (1971)(overturning conviction for wearing "Fuck the Draft" jacket in municipal courthouse because no evidence that speech fell within unprotected category); *See also Chaplinsky v. N.H.,* 315 U.S. 568 (1942); *Houston v. Hill*, 482 U.S. 451 (1987).

Defendant O'Hare has not identified any exception to the protected speech that the First Amendment protects that would allow him the enjoyment of qualified immunity. He instead makes a conclusory statement that simply using protected speech is "disruptive" without providing any evidence to this Court about how speech used during a person's own allotted time disrupted the meeting at all.

It is interesting that Defendant O'Hare would invoke *Wenthold* (as does Mr. Grisham here), another case in which he was the defendant as the Mayor of the City of Farmer's Branch – and an unpublished case. In *Wenthold*, the issue is nothing like this case and Defendant O'Hare should have recognized that. Perhaps

15

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

his win in that case – which was a justifiable win in Mr. Grisham's "expert" First Amendment opinion – is why he thinks he thinks he can double down on his current violations of the First Amendment against Mr. Grisham and others in his capacity as County Judge of the Commissioner's Court.

However, in that case, Mr. Wenthold spoke at a city council meeting regarding the privatization of the Manske Library.  At the meeting, "[c]ommenters were allowed two minutes to speak." *Id.* at *3.  Mr. Wenthold properly filled out a card and was called to speak on the agenda item. "Wenthold proceeded to state his view that O'Hare and the City Council misled the residents of Farmers Branch by stating that insurance would cover the legal fees for the immigration ordinance litigation." *Id*. at *6.  Defendant O'Hare interrupted Mr. Wenthold and explained that he was "tired of [Mr. Wenthold] saying the same thing over and over that I have specifically taken you to lunch and said — and set you straight." *Id*. at *6-7. "Wenthold spoke for approximately 1 minute and 50 seconds before the recess and another 30 seconds after the recess, longer than the two minutes allotted to other speakers." *Id*. at *8.  However, the record indicates that Mr. Wenthold wanted to respond to Defendant O'Hare's comments, which were not a part of the agenda Apparently only Defendant O'Hare gets to talk off agenda about items, and the public has no ability to respond to those comments, even when they are cut off. That said, this case was about the fact that Mr. Wenthold spoke over his two

16

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

minutes allotted and the Court rightly found that a "governing body may restrict speakers to the subject at hand, impose time limits on speakers, and prevent disruptions of the meeting." *Id*. at *27.

The instant case is not about time limits or being limited "to the subject at hand." This case is also not about disruptions because Mr. Grisham can't disrupt his own allotted time with his own speech. This case is literally about the content of Mr. Grisham's speech that was clearly on topic since it had to do with an agenda item. Unlike in *Wenthold*, Defendant O'Hare didn't give Mr. Grisham a chance to even modify his comments.

Similarly, Defendant O'hare invokes *Gjemre*, in which the issue was being "off-topic." Defendant O'Hare admits in his motion that "during Grisham's public comment on a TCCC agenda item" so neither of these cases control or even apply other than to identify the type of forum that comprised the Tarrant County Commissioners Court meeting. ECF #19, at 13.

It should be noted that both *Wenthold* and *Gjemre* were decided prior to 2019, when the legislature changed the law to include Tex. Gov't. Code 551.007. Acts 2019, 86th Leg., R.S., Ch. 861 (H.B. 2840), Sec. 1, eff. September 1, 2019. There is no case law that deals with whether "off-topic" speech can be censored under the new law…yet. Tex. Gov't Code 551.042 was not argued in either *Wenthold* and *Gjemre,* which protects citizens' right to speak on "off-topic"

17

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

agenda items and limits what government actors can do when such topics are raised to either making "a statement of specific factual information given in response to the inquiry" or "a recitation of existing policy in response to the inquiry." The law also limits any discussion on an off-topic item not included in the agenda to "a proposal to place the subject on the agenda for a subsequent meeting." If citizens can't request that an item not on the agenda be placed on a subsequent meeting (ie: off-agenda comments), the law would be pointless. If lawmakers intended to ban "off-agenda" topics at open meetings, it clearly would have stated as much rather than creating a mechanism for how people in Defendant O'Hare's position can respond to such occurrences.

Every word that Mr. Grisham uttered was in furtherance of his opposition to an agenda item regarding "rules of decorum." Defendant O'Hare doesn't have to like how Mr. Grisham predicates his opinions and discusses back story support for them, but he is required to refrain from suppressing and censoring them based on content. Mr. Grisham could have predicated his comments with the fact that it was a cool, clear day on the date in question and the birds were out chirping and all was well with the world as the reasoning for his support or opposition to an agenda item even though the weather was not on the agenda. However, because Defendant O'Hare censored his speech, he was never able to tie his predicated speech in with how he formed his opinions on the agenda item at issue.

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

As noted above, Defendant O'Hare is not entitled to the warm embrace of qualified immunity on Mr. Grisham's First Amendment claims because "existing precedent squarely governs the conduct at issue" in this case and Defendant O'Hare was on notice that censoring the content of protected speech during public comments on an agenda item. *Cope v.* Cogdill, 3 F.4th 198, 204 (5th Cir. 2021)(quoting *Brosseau v.* Haugen, 543 U.S. 194, 201 (2004)(*per* curiam)(internal quotation marks omitted).  However, Mr. Grisham maintains that, under current law, even if he were "off agenda," Tex. Gov't Code 551.042 gives him to right to raise issues extraneous to the agenda and prohibits Defendant O'Hare response to such inquiries or statements.  Mr. Grisham has identified several "controlling precedent[s] that squarely govern[] the specific facts at issue" here. *Kisela v. Hughes*, 584 U.S. 100, 104-105 (2018).

Mr. Grisham has clearly demonstrated that his rights under these particular circumstances were clearly established such that all officials in O'Hare's position would know immediately that silencing and ejecting him from the meeting would have violated Mr. Grisham's constitutional rights. *See Morrow v. Meacham*, 917 F.3d at 874 (5th Cir. 2019) (quotations and citations omitted) ("The dispositive questions is whether the violative nature of the particular conduct is clearly established.").  Mr. Grisham could fill volumes and waste the Court's time filling these pages with cases holding that profanity is protected speech unless it falls

19

within specific, limited exceptions – none of which Defendant O'Hare has alleged in his motion.

### c.  Redundant claims should not be dismissed

To the degree that Defendant O'Hare was enforcing an official policy, practice, or custom, suing him in his official capacity is warranted.  However, to the degree that Defendant O'Hare simply has a complete and total disregard for the First Amendment rights of citizens he serves, including Mr. Grisham, he is sued in his personal capacity as well.  If the court decided to dismiss Defendant O'Hare in his official capacity, Mr. Grisham's causes of action against Defendant O'Hare should be maintained in his personal capacity as to the First Amendment and Conspiracy allegations.

### d.  Mr. Grisham may include Texas Constitutional claims in his federal 1983 claim

A plaintiff can argue state constitutional violations in addition to federal constitutional violations in a federal § 1983 case in the 5th Circuit or U.S. Supreme Court if those claims share the same facts and circumstances as the federal claims. Under 28 USCS § 1367, federal courts have supplemental jurisdiction over state law claims that are so related to the federal claims within the court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution. "[I]f a complaint includes the requisite federal question, a

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

federal court often has power to decide state-law questions too." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025).  A federal court may exercise supplemental jurisdiction over the state claim so long as it "derive[s] from" the same "nucleus of operative fact" as the federal one.  *Mine Workers v. Gibbs*, 383 U. S. 715, 725 (1966).

However, the exercise of supplemental jurisdiction is discretionary. A federal court may decline to exercise jurisdiction over state law claims if certain conditions under 28 USCS § 1367 are met, such as when the state law claims raise novel or complex issues, substantially predominate over the federal claims, or when all federal claims are dismissed before trial.  Bittakis v. City of El Paso, 480 F. Supp. 2d 895. The general rule in the 5th Circuit is to decline jurisdiction over state law claims when all federal claims are dismissed, but this rule is not mandatory and depends on factors like judicial economy, convenience, fairness, and comity. *Bittakis v. City of El Paso*, 480 F. Supp. 2d 895, 921 (W.D. Tex. 2007), *Leal v. Azar*, 489 F. Supp. 3d 593, 602 (N.D. Tex. 2020).

In conclusion, while a plaintiff can include state constitutional claims in a federal § 1983 case if they arise from the same facts, the federal court has discretion to decide whether to retain jurisdiction over those claims, particularly if the federal claims are dismissed or other factors weigh against exercising supplemental jurisdiction.

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

Mr. Grisham has stated a viable claim for relief under the Texas Constitution, and the Court should not dismiss it and should exercise supplemental jurisdiction over his state law claims.

### e.  Section 1985(3) conspiracy claims are barred by the intracorporate conspiracy doctrine.

Mr. Grisham has properly alleged violations of 42 U.S.C. § 1983 and that an agreement among the Defendants to violate his rights as required under Cinel v. Connick, 15 F.3d 1338, 1343 (5th Cir. 1994).  Mr. Grisham as properly alleged that the conspiracy involves two or more persons.  Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911, 914 (5th Cir. 1953).  Mr. Grisham has alleged that the Defendants, in their personal capacities, conspired to violate Mr. Grisham's rights, so the intercorporate conspiracy doctrine does not apply here.  Defendants are sued in their individual capacities.  To the extent that Defendants are sued in their official capacities, the doctrine would apply.  However, Mr. Grisham has properly alleged that the conspiracy exists between and among the individual Defendants.

### f.  Grisham did state a claim for punitive damages.

For the reasons stated above and in Mr. Grisham's Complaint, he has properly pleaded a claim for punitive damages.  The Court should not dismiss his claims for punitive damages against O'Hare.  Defendant O'Hare's motion

improperly asks the Court to also dismiss such claims against all other Defendants without cause, evidence, or explanation.  As such, those claims should also survive or the request for claims against the other Defendants to be dropped should be ignored by the Court for improperly pleading.

**g.  The Supreme Court bars a pro se plaintiff-attorney from entitlement to attorney's fees.**

Mr. Grisham does not dispute Defendant O'Hare's argument that a *pro se* plaintiff-attorney is barred from entitlement to attorney's fees.  However, Mr. Grisham anticipates hiring an attorney to handle any trial matters should this cause survive both qualified immunity and summary judgment.  As such, the Court should deny Defendant O'Hare's motion to dismiss Mr. Grisham's claims for attorney's fees if he hires an attorney to handle this cause of action and at some point during its adjudication a trial is necessary.

To the extent that Mr. Grisham does not hire an attorney at any point during this cause of action, he abandons any claims to attorney's fees.

<strong><u>PRAYER FOR RELIEF</u></strong>

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff CJ Grisham prays that this Court deny Defendant O'Hare's motion and order that the case proceed to discovery.  Mr. Grisham further prays that he be granted such other and further relief to which he may show himself to be justly entitled**.**

PLAINTIFF'S RESPONSE TO DEFENDANT TIM O'HARE'S MOTION TO DISMISS AMENDED COMPLAINT – CJ GRISHAM

Respectfully Submitted,

LAW OFFICES OF CJ GRISHAM PLLC

**CJ GRISHAM**
Texas State Bar No. 24124533
cj@cjgrisham.com
3809 S. General Bruce Dr.
Ste 103-101
Temple, Texas 76502
Telephone: 254-405-1726

***PRO SE COUNSEL FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

On November 22, 2025, I served a copy of the above document on all counsel of record via ECF.

CJ Grisham
Pro Se Plaintiff/Counsel of Record