IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CJ GRISHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-716-Y |
| | § | |
| TIM O'HARE, ET AL, | § | |
| | § | |
| Defendants. | § | |

_____

**DEFENDANT TARRANT COUNTY'S REPLY TO PLAINTIFF'S RESPONSE TO
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

_____

The Defendant, Tarrant County ("Tarrant County"), by and through the undersigned counsel, files its Reply to Plaintiff's Response to Motion to Dismiss First Amended Complaint, and respectfully shows this Court the following:

## I.   ARGUMENT

Plaintiff failed to adequately allege any *Monell* claims against Tarrant County according to well-established pleading standards. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8(a)(2).

### A.   New Factual Allegations Are Improper.

In his Response to Tarrant County's Motion to Dismiss the First Amended Complaint, Plaintiff attempts to improperly inject new facts into this case. *See generally* ECF No. 21. However, a plaintiff may not amend a complaint through a response to a motion to dismiss. *United States ex rel. Grynberg Prod. Corp. v. Kinder Morgan CO2 Co.*, 491 F. Supp. 3d 220, 231–32 (N.D. Tex. 2020). New factual assertions offered solely in opposition to a motion to dismiss do not become part of the operative pleadings. *Coach, Inc. v. Angela's Boutique*, No. H-10-1108, 2011 WL 2446387, at *2 (S.D. Tex. June

1

15, 2011). For instance, Plaintiff included in his Response Tarrant County's rules on "prohibited behavior" during a Commissioners Court meeting even though they were not initially stated in his First Amended Complaint. ECF No. 21 at pp. 9-10. Plaintiff cannot simply include these rules for the first time in response to the motion to dismiss and expect the Court to consider them. *See Grynberg Prod. Corp.*, 491 F. Supp. 3d at 231–32; *Phalanx Grp. Int'l v. Critical Sols. Int'l*, No. 3:18-CV-244-B, 2019 WL 954727, at *6 (N.D. Tex. Feb. 26, 2019); *Cervantez v. Love*, No. 1:22-CV-150-H, 2024 WL 2967336, at *5 (N.D. Tex. June 12, 2024). Without the language of the allegedly offending rules of decorum, Plaintiff's First Amended Complaint did not contain a sufficient basis to support his claim that the rules of decorum were facially unconstitutional, and this claim should be dismissed. *Iqbal*, 566 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

Plaintiff also claims he yelled profanities in an empty hallway where only law enforcement officers and a cameraman were present. ECF No. 21 at pp. 20-21. He also submits photographs that were not included in his First Amended Complaint. *Id.* at p. 20 (Figure 1). Likewise, Figure 2, a photograph captioned, "Plaintiff showing Driskell both his retired law enforcement credentials and LTC (which are kept together in Plaintiff's wallet)," was not included in the First Amended Complaint. *See* ECF No. 21 at p. 21. Therefore, Plaintiff now asserts that his profanity-laced tirades in a hallway outside the Commissioners Courtroom did not occur while he was surrounded by an agitated crowd, but the photograph in his First Amended Complaint does show him surrounded by a crowd of citizens. ECF No. 17 at p. 13. The Court should disregard this new assertion. *Cervantez,* 2024 WL 2967336, at *5.

Plaintiff also makes several statements in his Response that are simply incorrect. He claims that "Defendants have not claimed that [Plaintiff's] credentials were fake or fraudulent." ECF No. 21 at p. 16. However, Chief Driskell specifically told Plaintiff that he did not consider Plaintiff to be a licensed peace officer. ECF No. 17 at ¶¶ 30-32. Plaintiff also alleged in his First Amended Complaint that

Defendant Driskell *did* believe his credentials were fake, stating "I don't care. You can [generate] your own little badge and that's fine." ECF No. 17 at ¶ 31. *See also* ECF No. 17 at ¶ 32. Therefore, Plaintiff's own First Amended Complaint establishes that Chief Driskell did not believe Plaintiff's claimed status as a law enforcement officer. *Id*. at ¶¶ 30-32.

Because these new factual assertions were not properly alleged in his First Amended Complaint, this Court should not consider them in determining whether Plaintiff plausibly stated a *Monell* claim against Tarrant County. *Cervantez,* 2024 WL 2967336, at *5.

**B.    Plaintiff does not sufficiently allege a constitutional challenge to the rules of decorum.**

Tarrant County Commissioners Court, as a limited public forum, may impose reasonable, viewpoint-neutral restrictions on speech to preserve the civility and decorum necessary to further the purpose of the meeting. *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106 (2001); *Ark. Educ. Tv Comm'n v. Forbes*, 523 U.S. 666, 677-78 (1998). *See also Chiu v. Plano Independ. Sch. Dist.*, 260 F.3d 330, 347 (5th Cir. 2001); *Heaney v. Roberts,* 846 F.3d 795, 801-02 (5th Cir. 2017); *Wenthold v. City of Farmers Branch*, No. 3:11–CV–0748–B, 2012 WL 467325, *7 (N.D. Tex. Feb.14, 2012)*. The prohibition on profanity here is similar to what was prohibited in *Johnson v. City of Yoakum, Tx.,* No. 6:19-CV-00011, 2025 WL 2411605, at *12-13 (S.D. Tex. Aug. 20, 2025).

Although Plaintiff erroneously asserts that profanity is completely protected in a limited public forum, he cites no authority to support this position. ECF No. 21 at p. 27. Vulgar, offensive, and shocking speech must be viewed in its specific context, and it is "not entitled to absolute constitutional protection under all circumstances." *FCC v. Pacifica Found.*, 438 U.S. 726, 747-48 (1978); *Adderley v. Florida*, 385 U.S. 39, 47-48 (1966).

Facial challenges to a statute or, in this case, a purported policy, are "disfavored" by the courts.[1] *Moody. v. NetChoice, LLC*, 603 U.S. 707, 723 (2024). However, despite asserting that the rules of decorum are *facially* unconstitutional, Plaintiff did not provide the actual language from the rules of decorum that he now challenges as unconstitutional on their face.  *See* ECF No. 17 at ¶ 101. Logically, this omission of the precise rules of decorum from his pleading is fatal to his facially unconstitutional First Amendment claim. *Moody*, 603 U.S. at 725-26. *See Iqbal*, 556 U.S. at 678.

Plaintiff also fails to adequately allege an as-applied constitutional challenge to the rules of decorum against Tarrant County; he mentions an as-applied challenge only in Response to the Defendant Deputies' Motion to Dismiss. *See* ECF No. 21 at pp. 8-11; *see also* ECF No. 23 at p. 10 ("This selective enforcement further demonstrates that the rules of decorum were *applied* in a manner that infringed upon Mr. Grisham's constitutional rights.") (emphasis added).

To the extent Plaintiff attempted to plead a widespread custom, he failed to identify other instances with similarity, specificity, and numerosity sufficient to state a *Monell* claim. *See* ECF No. 17 at ¶¶ 200 ("On multiple occasions, individual Defendants have detained, arrested, or otherwise charged First and Second Amendment activists for speaking."), 201-204, 210. Plaintiff has not clearly established based on materially identical facts that removing a speaker from a public meeting for uttering profanity will constitute a violation of the speaker's First Amendment rights. *Hershey v. City of Bossier City*, No. 21-30754, 2025 WL 2836908, *4 (5th Cir. Oct. 8, 2025) (per curiam) (Ho, J., concurring) (alleged violation of First Amendment); *Ratliff v. Aransas Cty, Texas*, 948 F.3d 281, 284-85 (5th Cir. 2020); *Cass v. City of Abilene*, 814 F.3d 721, 730-31 (5th Cir. 2016); *Meadours Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007); *Verastique v. City of Dallas*, 106 F.4th

---

[1] Plaintiff's failure to brief his *facial* challenge to the rules of decorum supports a finding that he has abandoned this claim. *Mays v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010). *See* ECF No. 21 at pp. 8-10.

427, 432 (5th Cir. 2024), *cert. denied,* 145 S.Ct. 772 (2024). *See also* ECF No. 17 at ¶¶ 148-65, 199-211. As a result, Plaintiff failed to plausibly plead a First Amendment *Monell* violation against Tarrant County for Plaintiff's removal from Commissioners Court on January 28, 2025. *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

      **C.**    **Plaintiff's First Amendment right to record was not sufficiently pleaded**.

Plaintiff claimed in a single paragraph that he had a First Amendment right to record and livestream his actions at Commissioners Court. ECF No. 17 at ¶ 58. Plaintiff confirmed in his Response that his right to record claim is limited only to the instance in which the "unknown deputy" *turned off his phone* on January 14, 2025. ECF No. 21 at p. 31. Tarrant County can only be held responsible for unconstitutional policies or widespread customs, not for liability based on *respondeat superior*. *Monell*, 436 U.S. at 692; *Bryan Cty. v. Brown*, 520 U.S. 397, 403-04 (1997). However, Plaintiff fails to identify a formal or de facto policy with similarity, specificity, and numerosity sufficient to plausibly allege a widespread custom related to suppressing citizens' right to record.[2] *See Hershey,* 2025 WL 2836908, at *4 (Ho, J., concurring); *Ratliff*, 948 F.3d at 284-85; *Verastique*, 106 F.4th at 432; *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018); *Johnson v. Harris Cty.*, 83 F.4th 941, 946-47 (5th Cir. 2023). Because Plaintiff failed to adequately allege a First Amendment right to record public officials, the Court should dismiss any *Monell* claim based on Plaintiff's First Amendment right to record. *Ratliff*, 948 F.3d at 284-85; *Iqbal,* 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6). *See also* ECF No. 17 at ¶¶ 200-04.

---

[2] The Fifth Circuit has held that citizens have a First Amendment right to record *police* but not *public officials*. *Turner v. Driver*, 848 F.3d 689-90 (5th Cir. 2017). *Turner* involved Fort Worth police officers, so it does not impute any policy to Tarrant County. *Id*. *See also* ECF No. 21 at p. 5.

**D.** **Plaintiff Did Not Adequately Allege a *Monell* Claim Under the Second Amendment.**

Plaintiff's Second Amendment *Monell* claim against Tarrant County arose out of the January 14, 2025, meeting when he was stopped for carrying a handgun into the Commissioners Court meeting. ECF No. 17 at ¶¶ 72-125, 166-75, 199-200 (Plaintiff alleges *Monell* claims only for First and Second Amendment violations).

The Defendant Deputies' actions in prohibiting Plaintiff from entering the Commissioners Court meeting with a handgun on January 14, 2025, did not violate his Second Amendment rights because the Defendant Deputies' actions were reasonable under the totality of the circumstances, including the good faith belief by Driskell that Plaintiff was neither a retired federal law enforcement officer nor an LTC holder. *Sanders*, 994 F.2d at 206; *Turner,* 848 F.3d at 693 (citing *Florida v. Royer*, 460 U.S. 491, 500 (1983)); *United States v. Abdo*, 733 F.3d 562, 565 (5th Cir. 2013); *United States v. Hensley,* 469 U.S. 221, 235 (1985).

Plaintiff also claimed there was no proper notice of an open meeting and no required signage that firearms were prohibited, so the Defendant Deputies had "zero rights or authority to even stop Plaintiff at the outset" from going into the meeting with a handgun. ECF No. 21 at p. 14. However, Plaintiff completely misreads the notice provision in Texas Penal Code § 46.03 with regard to an open meeting. *See* ECF No. 21 at pp. 2-3, 14.

Plaintiff states that Section 46.03 "prohibits carry 'in the room or rooms where a meeting of a governmental entity is held, if the meeting is an open meeting subject to Chapter 551, Government Code, and if the entity provided notice as required by **[Section 30.06 or 30.07]**.'" ECF No. 21 at p. 3 (emphasis added). However, the bracketed portion of Plaintiff's recitation is *not* in Section 46.03. *See* ECF No. 21 at p. 3. Rather, Tex. Penal Code § 46.03(a)(14) states that a person commits an offense if they carry a firearm "in the room or rooms where a meeting of a governmental entity is held, if the meeting is an open

6

meeting subject to Chapter 551, Government Code, and if the entity provided notice as required **by that chapter** [i.e., by Chapter 551 of the Texas Government Code]." In other words, Plaintiff improperly inserted a reference to Tex. Penal Code §§ 30.06 or 30.07 into Section 46.03(a)(14) where it does not exist; as long as the open meeting was noticed *pursuant to Tex. Gov't Code §§ 551.041 -- .043 of the Texas Open Meetings Act*, then firearms would be prohibited in the open meeting – even without the specific notices set forth in Sections 30.06 or 30.07 – as long as no other exception applies to allow a person to carry a handgun into an open meeting.

Plaintiff did not allege that the Commissioners Court meeting on January 14, 2025, failed to comply with Chapter 551's notice provisions (i.e., posted three (3) business days before the meeting, with items to be considered in the notice). *See* Tex. Gov't Code §§ 551.041 -- .043; *see also* ECF No. 21 at pp. 2-3, 14; ECF No. 17 at p. 6 (photo shows meeting notice posted on bulletin board to the left of the door and agenda is available on table to the left). Furthermore, there is no requirement in Chapter 551 or Tex. Penal Code § 46.03(a)(14) that any sign prohibiting firearms at a public meeting must comply with Tex. Penal Code §§ 30.06 or 30.07. *See* Tex. Penal Code § 46.03(a)(14); Tex. Gov't Code §§ 551.041 - - .043. *See* ECF No. 17 at p. 15 (notice of prohibition of firearms at Commissioners Court in photo was sufficient).

Likewise, Plaintiff cites no authority for his claim that his LEOSA exempted him from presenting his LTC, as required by Tex. Gov't Code § 411.205(1). *See* ECF No. 21 at p. 21. Plaintiff also cites no authority for his contention that he had to be under arrest before the Defendant Deputies could ask him to show his LTC license. *See* Tex. Gov't Code § 411.205(1). *See* ECF No. 21 at pp. 2-3, 24. In fact, Section 411.207 allowed the Deputies to disarm Plaintiff if they believed it was necessary for the protection of the Plaintiff, the Deputies or any other individual. *See* Tex. Gov't Code § 411.207(a).

Therefore, the Defendant Deputies' inquiry into Plaintiff's ability to carry a handgun into a public meeting was legally permissible under the circumstances. *Sanders*, 994 F.2d at 206.

Based on the totality of the circumstances surrounding their encounter with Plaintiff outside of the Commissioners Courtroom on January 14, 2025, the Defendant Deputies were justified in detaining Plaintiff and temporarily placing him in handcuffs to determine if he was violating Chapter 411 or any criminal laws. ECF No. 17 at ¶¶ 25, 27-33, 35-36, 65-67 (including photo on p. 13). *See Sanders*, 994 F.2d at 206; *see also Navarette v. Cal.*, 572 U.S. 393, 397 (2014); *Arvizu*, 534 U.S. at 273.

Plaintiff concedes that Chief Driskell acted in good faith on information suggesting that Plaintiff was not entitled to carry a handgun into the public meeting. ECF No. 21 at p. 20 ("Driskell impliedly chose to trust TCOLE's statement that Plaintiff currently was not a law enforcement officer."). Even if the Defendant Deputies were mistaken, they were reasonable in believing their actions were justified. *See* ECF No. 17 at ¶¶ 25, 27-31, 54, 60, 64-66. *See Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (officers entitled to qualified immunity even if they were mistaken but acted reasonably); *Hare v. City of Corinth, Miss.,* 135 F.3d 320, 325 (5th Cir. 1998); *Westlake v. Luna*, 903 F.3d 534, 543-44 (5th Cir. 2018). Therefore, the encounter on January 14, 2025, did not state a Second Amendment violation that will support a *Monell* claim against Tarrant County, and this claim should be dismissed. *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

### E.   Plaintiff Did Not Adequately Plead Failure to Train or Supervise.

Plaintiff alleged that Tarrant County is liable for failing to train and failing to supervise "its law enforcement officers regarding constitutional rights, Texas open meeting laws, lawful carry rights, and protected speech." ECF No. 17 at ¶¶ 177, 181-82, 186 (referring to depriving citizens of their First and Second Amendment rights at public meetings).

8

Plaintiff alleged in conclusory terms that Tarrant County "has demonstrated a pattern of constitutional violations by its officers against citizens exercising their First and Second Amendment rights at public meeting." ECF No. 17 at ¶ 186. Plaintiff's unspecified "pattern of constitutional violations" falls short of the minimum number of five to establish a custom or pattern. ECF No. 17 at ¶ 186.  *Hernandez v. Dallas Cty. Sheriff*, No. 3:23-CV-01583-E, 2024 WL 4202381, *9 (N.D. Tex. Sept. 16, 2024) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). *See also Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005); *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010), *cert. denied*, 563 U.S. 935 (2011); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387 (1989). As a result, Plaintiffs' conclusory allegations did not allege a sufficient pattern of similar incidents to put the Sheriff on notice of any training deficiencies. ECF No. 17 at ¶¶ 176-90. *See Connick*, 563 U.S. at 71; *Hernandez*, 2024 WL 4202381, at *8.

Furthermore, Plaintiffs did not allege *specifically* how Tarrant County should have further trained its officers. *Roberts*, 397 F.3d at 292 (holding that a "plaintiff must allege with specificity how a particular training program is defective"); *Quinn v. Guerrero*, 863 F.3d 353, 365 (5th Cir. 2017); *Pineda v. City of Houston*, 291 F.3d 325, 332 (5th Cir. 2002); *Taylor v. Hartley*, 488 F.Supp. 3d 517, 535-36 (S.D. Tex. Sept. 22, 2020) ("without a sufficiently specified training program or defects, [plaintiff] hasn't shown the *causation* required") (emphasis in original).

Plaintiff asserted no specific facts alleging that Driskell failed to supervise any subordinate deputy, nor did he allege that Driskell was deliberately indifferent to Plaintiff's rights. ECF No. 17 at ¶¶ 176-90. Therefore, any *Monell* claim against Tarrant County that arises out of an alleged failure to train or failure to supervise should be dismissed. *Iqbal*, 556 U.S. at 678; *Tuttle*, 68 F.4th at 975; *Roberts*, 397 F.3d at 292; *Valle*, 613 F.3d at 547; *Hobart v. Estrada*, 582 F. App'x 348, 356 (5th Cir. 2014); *Hernandez*, 2024 WL 4202381, at *9-10; Fed. R. Civ. P. 12(b)(6).

9

## II.   PRAYER

Plaintiff failed to plausibly allege any constitutional violations, so his *Monell* claims against Tarrant County should be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

*/s/ Katherine E. Owens*
**Katherine E. Owens**
State Bar No. 24081683
keowens@tarrantcountytx.gov
**Craig M. Price**
State Bar No. 16284170
cmprice@tarrantcountytx.gov
Assistant Criminal District Attorneys

**PHIL SORRELLS**
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS
Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1409 – Telephone
817-884-1675 – Facsimile

**ATTORNEYS FOR THE DEFENDANTS**

## CERTIFICATE OF SERVICE

On December 5, 2025, I served a copy of the above document on all counsel of record via ECF.

*/s/ Katherine E. Owens*

10