IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CJ GRISHAM, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:25-CV-716-Y |
| | § | |
| TIM O'HARE, ET AL, | § | |
| | § | |
| Defendants. | § | |

---

### DEFENDANT TIM O'HARE'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

---

TO THE HONORABLE JUDGE MEANS:

### I. Summary of Reply

Plaintiff's dismissal from a limited public forum for uttering a vulgar profanity was objectively reasonable and did not violate any clearly established constitutional right. Therefore, Judge O'Hare is entitled to qualified immunity, and Plaintiff's claims against him should be dismissed.

### II. Arguments in Reply

#### A.  Plaintiff failed to overcome O'Hare's qualified immunity defense.

Once a government official asserts qualified immunity, the burden shifts to the plaintiff to show both: (1) the violation of a statutory or constitutional right, and (2) that the right was clearly established at the time. *Pearson v. Callahan,* 555 U.S. 223, 244 (2009); *Anderson v. Creighton,* 483 U.S. 635, 637-41 (9187). The second prong requires "fair warning" that the challenged conduct was unconstitutional. *Vann v. City of Southaven, Miss*., 884 F.3d 307, 310 (5th Cir. 2018) (citing *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (precedent must be sufficiently

similar and not define the law at a high level of generality)). Whether fair warning exists is a question of law. *Cruz v. Cervantez*, 96 F.4th 806, 813 (5th Cir. 2024).

Plaintiff has failed to plead a viable constitutional violation of the First Amendment. The Tarrant County Commissioners Court may impose reasonable, viewpoint-neutral restrictions on speech in a limited public forum to preserve the civility and decorum necessary to further the purpose of the meeting. *City of Madison, Joint Sch. Dist. No. 8 v. Wisc. Emp't Relations Coram'n*, 429 U.S. 167, 176 n.8 (1976); *Heaney v. Roberts,* 846 F.3d 795, 801-02 (5th Cir. 2017); *Gjemre v. Leffingwell*, No. A-13-CA-729-SS, 2015 WL 433506, at * 6 (W.D. Tex. Jan. 30, 2015); s*ee also White v. City of Norwalk*, 900 F.2d 1421, 1426 (9th Cir. 1990). Further, O'Hare, as the presiding officer of the Tarrant County Commissioners Court has the authority to enforce such reasonable and constitutionally sound rules of decorum. *See, e.g.*, *Stein v. Dallas County*, 2023 WL 2700720, at *5 (N.D. Tex. Mar. 29, 2023) (Fourteenth Amendment's equal protection is not violated when a presiding officer removes a speaker for speaking off-agenda and engaging in personal attacks toward city officials).

Plaintiff cites no authority clearly establishing that removing a speaker for uttering a profane adjective in a limited public forum violates the First Amendment. *Cass*, 814 F.3d at 728. Instead, he concedes that the Commissioners Court is a *limited* public forum, yet he suggests that strict scrutiny applies here the same as if it were a *traditional* or *designated* public forum. ECF No. 17 at ¶¶ 150; ECF No. 22, at pp. 9-10, 14-15. This is incorrect. *Wenthold v. City of Farmers Branch, Tex.*, No. 3:11–CV–0748–B, 2012 WL 467325, at *7 (N.D. Tex. Feb.14, 2012), *aff'd*, 532 F. App'x 474 (5th Cir. 2013).

Restrictions on speech in a limited public forum are subject to a lower level of scrutiny than those in a traditional or designated public forum. *Id*. Such restrictions are governed by a

viewpoint-neutral, reasonable standard. *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 757–58 (5th Cir. 2010); s*ee also Perry Educ. Ass'n v. Perry Local Educators Ass'n*, 400 U.S. 37, 45 (1983); *White,* 900 F.2d at 1426. Plaintiff fails to allege a view-point specific reason for which he was dismissed from the January 28, 2025 meeting. Instead, Plaintiff's First Amended Complaint states that he was removed from the meeting immediately after uttering the word "fucking." ECF No. 17, ¶ 108.

No Supreme Court or Fifth Circuit case supports Plaintiff's First Amendment position, and the district courts within this Circuit have consistently allowed presiding officers in limited public forums to enforce reasonable rules of decorum. *See Stein*, 2023 WL 2700720, at *5; *Gjemre*, 2015 WL 433506, at *6 (presiding officer entitled to qualified immunity for ejecting disruptive speaker); *Wenthold*, 2012 WL 467325, at *9; s*ee also Johnson v. City of Yoakum*, 2025 WL 2411605 at *12, *15 (S.D. Tex. August 19, 2025) (applying a balancing test that is less stringent than strict scrutiny).

Most of Plaintiff's cited authorities are inapposite because they concern traditional public or nonpublic forums. *See Beckerman v. City of Tupelo*, 664 F.2d 502 (5th Cir. 1981) (profanity in traditional public forum); *Cohen v. California*, 403 U.S. 15 (1971) (profanity on a jacket in a courtroom hallway); *Chaplinsky v. N.H.*, 315 U.S. 568 (1942) (offensive speech in traditional public forum); *City of Houston v. Hill*, 482 U.S. 451 (1987) (speech aimed at police officers in public); *Cornelius v. NAACP*, 473 U.S. 788 (1985) (nonpublic forum); *Perry Educ. Ass'n,* 460 U.S. at 45 (nonpublic forum).

Other cases he cites concern entirely unrelated factual contexts. *See Ex Parte Bradshaw*, 501 S.W. 3d 665, 667 (Tex.App.– Dallas 2016) (identity theft); *Kovacic v. Villarreal*, 628 F.3d 209 (5th Cir. 2010) (affirming qualified immunity for officers who released intoxicated arrestee

later killed in hit-and-run); *Cope v. Cogdill*, 3 F.4th 198 (5th Cir. 2021) (jailer who placed suicide-prone detainee in cell with corded phone did not violate clearly established law); *Brosseau v. Haugen*, 543 U.S. 194, 201 (2004) (police officer who shot fleeing suspect did not violate clearly established law); *Kisela v. Hughes*, 584 U.S. 100 (2018) (police officer shot man who refused to drop a knife; no violation of clearly established law).

Plaintiff's additional authorities do not mirror the facts of this case either. *U.S. v. Alvarez*, 567 U.S. 709 (2012) (First Amendment protects false statements about receiving military honors); *U.S. v. Stevens*, 559 U.S. 460 (2010) (First Amendment protects commercialized depictions of animal cruelty); *Ward v. Rock Against Racism*, 491 U.S. 781 (1989) (city's sound-amplification guidelines for outdoor concert were reasonable under First Amendment); *Reed v. Town of Gilbert*, 576 U.S. 155 (2015) (town's public signage code subject to strict scrutiny); *Iancu v. Brunetti*, 588 U.S. 388 (2019) (offensive trademarks); *R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992) (First Amendment protects hate or racist symbols); *Eaton v. Tulsa*, 415 U.S. 697, 699 (1974) (witness' use of expletive "chicken shit" during questioning in trial); *Noles v. Dial,* No. 3:20-CV-3677-N-BK, 2021 WL 4255640, at *6 (N.D. Tex. Aug. 25, 2021), *report and recommendation adopted sub nom., Noles v. Dial*, No. 3:20-CV-3677-N-BK, 2021 WL 4244780 (N.D. Tex. Sept. 17, 2021) (First Amendment protects displays of profanity by side of public highway). At best, Plaintiff's authorities illustrate that profanity may be protected *sometimes*, but none of Plaintiff's cases establish that the profanity he used on January 28, 2025 must *always* be protected, especially in a limited public forum. *Fairchild*, 597 F.3d at 757–58.

In short, Plaintiff fails to identify a single controlling case to suggest that Judge O'Hare's actions violated a clearly established right and were, therefore, objectively unreasonable. *White v. Pauly*, 580 U.S. 73, 79 (2017) (existing precedent must be particularized to the facts of the case).

4

Plaintiff's First Amendment claim fails both prongs of the analysis, and Judge O'Hare is entitled to qualified immunity. *Pearson*, 555 U.S. at 244; *Anderson*, 483 U.S. at 637-41.

**B.  Plaintiff's First Amendment right to record does not apply to Judge O'Hare.**

The Fifth Circuit purportedly recognized in *Turner v. Driver* that citizens have a First Amendment right to record *police* in the performance of their official duties while in a public place. 848 F.3d 678, 689 (5th Cir. 2017). However, a similar claim against Judge O'Hare is not adequately alleged in Plaintiff's Complaint. *See generally*, ECF 17 at ¶¶ 156, 158.

Plaintiff asserted that Judge O'Hare "prohibited [Plaintiff] from exercising his right to free speech, record public officials in the conduct of their official business, and seek redress from government." *Id.*; *see also* ECF No. 22, at p. 12. Plaintiff further alleged that an "*unknown deputy also turned off Plaintiff's phone which turned off his live feed so that there was no recording in the back hallway*." ECF No. 17, ¶ 58 (emphasis added). However, this alleged interruption of Plaintiff's phone recording occurred during the meeting on **January 14, 2025**, which did not involve Plaintiff uttering the vulgar adjective in public comments; the cursing incident occurred only during the **January 28, 2025**, meeting. *See id.* (facts are stated in ECF No. 17, ¶¶ 19-71; 72-125).

Plaintiff did allege that "[he] had a clearly established constitutional right *to record the police*." ECF No. 17, ¶ 160 (emphasis added). However, Plaintiff did *not* allege: (1) that Plaintiff has a clearly established right to record *any* public officials, *other than police officers*, in the performance of their official duties; (2) that Plaintiff was removed from Commissioners Court because he was recording public officials; or (3) that Plaintiff was actually recording any public officials in the performance of their official duties instead of merely livestreaming his own appearance at Commissioners Court on January 28, 2025. ECF No. 17, ¶ 58 (Plaintiff claimed an

unknown deputy "turned off [Grisham's] live feed" on January 14, 2025, suggesting that Plaintiff was recording himself as content for his YouTube channel). *See Iqbal*, 556 U.S. at 678; *Cass*, 814 F.3d at 728.

The sparse pleadings of Plaintiff's alleged right to record—which appear only in ¶¶ 40, 116, 118 and 120—constitute precisely the type of "shotgun" pleading that courts have rejected as being insufficient. *Cass*, 814 F.3d at 730-31; *Alexander v. S. Health Partners, Inc.*, No. 3:22-CV-0395-X, 2023 WL 3961704, at * 8-9 (N.D. Tex. June 12, 2023). As a result, Plaintiff failed to allege facts with the specificity necessary to defeat qualified immunity from Plaintiff's purported right to record, and this Court should dismiss this claim against Judge O'Hare. *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

### C. Plaintiff did not state a plausible Fourteenth Amendment claim.

Plaintiff identifies the Fourteenth Amendment by name only once in his Complaint. ECF No. 17, ¶ 164. Plaintiff does refer in two other provisions of the Complaint to concepts typically associated with the Fourteenth Amendment without specifying the Fourteenth Amendment's application. First, he alludes to a "Conspiracy to Deprive Plaintiff of Rights or Privileges" in the heading of Count IV in ECF No. 17, at p. 36. Second, he alleges that Defendants conspired to deprive him of his First and Second Amendment rights, "which deprived him of the equal protection of the laws, or of equal privileges and immunities under the law." *Id.* at ¶ 193.

In his Response, Plaintiff tethers this argument only to a doomed § 1985(3) conspiracy theory, which fails as a matter of law because the Defendants were all employees of the same entity, Tarrant County, Texas. ECF No. 22, at p. 25; ECF No. 17, ¶¶ 135-39. *Swilley v. City of Houston*, 457 F. App'x 400, 404 (5th Cir. 2012) (per curiam); *Thompson v. City of Galveston*, 979 F. Supp. 504, 512 (S.D. Tex. 1997). However, nowhere in his Complaint did Plaintiff provide

specific factual allegations against each individual defendant that are required to sustain a claim for alleged constitutional violations. *Iqbal*, 556 U.S. at 678. Plaintiff has the burden to satisfy the pleading requirements to defeat qualified immunity, and he failed to do so for any Fourteenth Amendment claim. *Arnold v. Williams*, 979 F.3d 262, 266-67 (5th Cir. 2020); Fed. R. Civ. P. 8(a)(2).

If Grisham intended to plead a stand-alone Fourteenth Amendment claim, he still failed to adequately assert one under a selective enforcement theory. *See* ECF No. 22, at p. 7 (Plaintiff states in his Response that the rules of decorum were enforced inconsistently and discriminatorily). To state a claim under the Fourteenth Amendment's Equal Protection Clause, Grisham had to allege that Judge O'Hare intentionally treated him differently from other, similarly situated persons and that there was no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam).

Plaintiff presumably asserted that he was treated differently than Judge O'Hare. *See* ECF No. 22, at p. 7 (stating "OHare [sic] himself violated the rules of decorum … "); *see also* ECF No. 17, ¶¶ 120-21. Comparing O'Hare's position as the presiding officer with Grisham, a public speaker, is nonsensical, and Grisham does not identify any other similarly situated persons. *Stein*, 2023 WL 2700720, at *5 (court held that plaintiff violated Dallas County's decorum rules, and that violation rendered the plaintiff "dissimilar to the other speakers at the meeting."); *Johnson,* 2025 WL 2411605 at *12, *White*, 900 F.2d at 1426. Therefore, Plaintiff failed to state a plausible claim for relief under the Fourteenth Amendment. *Stein*, 2023 WL 2700720 at *5.

## D. Plaintiff's state law claims are not redressable by this Court.

Plaintiff's remedies under state law are limited to equitable, non-monetary relief. *See* Tex. Gov't Code § 551.142; *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 150 (Tex. 1995). *See* ECF

No. 1 at ¶¶ 1, 73, 114, 127. Because Plaintiff only seeks monetary relief, ECF No. 17, p. 41 (Prayer), this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c); Fed. R. Civ. P. 12(b)(6).

**E. Plaintiff did not allege intent sufficient for punitive damages against O'Hare.**

Grisham did not adequately plead that Judge O'Hare was motivated by evil intent or demonstrated a reckless or callous indifference to Grisham's rights. *See Johnson v. Livingston,* No. H-16-3040, 2018 WL 11470881 at *9 (S.D. Tex March 12, 2018). Such intent is a necessary element, and Plaintiff's claim for punitive damages should be dismissed. *See Smith v. Wade*, 461 U.S. 30, 37 (1983); *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

### III. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Tim O'Hare prays that this Court grant his motions to dismiss and stay discovery. *See* ECF No. 6.

Respectfully submitted,

/s/ *Katherine E. Owens*
Katherine E. Owens
State Bar No. 24081683
keowens@tarrantcountytx.gov
Craig M. Price
State Bar No. 16284170
cmprice@tarrantcountytx.gov
Assistant Criminal District Attorneys

**PHIL SORRELLS**
CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS
Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1409 – Telephone
817-884-1675 – Facsimile
**ATTORNEYS FOR TIM O'HARE**

8

## CERTIFICATE OF SERVICE

On December 5, 2025, I served a copy of the above document on all counsel of record via ECF.

/s/ *Katherine E. Owens*
Assistant Criminal District Attorney