IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CJ GRISHAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-CV-716-Y |
| | § | |
| TIM O'HARE, ET AL, | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANT DEPUTIES' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO
DISMISS FIRST AMENDED COMPLAINT**

---

The Defendants, Chief Craig Driskell, Chief Jennifer Gabbert, Sgt. Orville George, and Sgt. Michael Jauss (collectively, "Defendant Deputies"), by and through the undersigned counsel, file their Reply to Plaintiff's Response to Motion to Dismiss the First Amended Complaint and Brief in Support, and respectfully show this Court the following:

## I.     ARGUMENT

Plaintiff failed to adequately allege any constitutional violations against the Defendant Deputies that will defeat their qualified immunity.[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Pearson v. Callahan*, 555 U.S. 223, 244 (2009); Fed. R. Civ. P. 8(a)(2).

### A.  Plaintiff failed to overcome the Defendant Deputies' qualified immunity defense.

Once a government official asserts qualified immunity, the burden shifts to the plaintiff to show both: (1) the violation of a statutory or constitutional right, and (2) that the right was clearly

---

[1] Plaintiff insists that his "amended complaint contains no mention of 9th or 14th amendment violations." ECF No. 21 at p. 5(b) (Reply to Tarrant County's Motion to Dismiss). *But see* ECF No. 17 at ¶ 1 and ¶ 164. Plaintiff's disavowal of any claims pursuant to the 9th and 14th amendments constitutes a waiver of such claims.

established at the time. *Pearson v. Callahan,* 555 U.S. 223, 244 (2009); *Anderson v. Creighton,* 483 U.S. 635, 637-41 (9187). The second prong requires "fair warning" that the challenged conduct was unconstitutional. *Vann v. City of Southaven, Miss*., 884 F.3d 307, 310 (5th Cir. 2018) (citing *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (precedent must be sufficiently similar and not define the law at a high level of generality)). Whether fair warning exists is a question of law. *Cruz v. Cervantez*, 96 F.4th 806, 813 (5th Cir. 2024).

Plaintiff has failed to plead a viable constitutional violation of the First Amendment. The Tarrant County Commissioners Court may impose reasonable, viewpoint-neutral restrictions on speech in a limited public forum to preserve the civility and decorum necessary to further the purpose of the meeting. *City of Madison, Joint Sch. Dist. No. 8 v. Wisc. Emp't Relations Coram'n*, 429 U.S. 167, 176 n.8 (1976); *Heaney v. Roberts,* 846 F.3d 795, 801-02 (5th Cir. 2017); *Gjemre v. Leffingwell*, No. A-13-CA-729-SS, 2015 WL 433506, at * 6 (W.D. Tex. Jan. 30, 2015); s*ee also White v. City of Norwalk*, 900 F.2d 1421, 1426 (9th Cir. 1990). Further, O'Hare, as the presiding officer of the Tarrant County Commissioners Court has the authority to enforce such reasonable and constitutionally sound rules of decorum. *See, e.g*., *Stein v. Dallas County*, No. 3:22-CV-1255-D, 2023 WL 2700720, at *5 (N.D. Tex. Mar. 29, 2023) (Fourteenth Amendment's equal protection is not violated when a presiding officer removes a speaker for speaking off-agenda and engaging in personal attacks toward city officials).

Plaintiff cites no authority clearly establishing that removing a speaker for uttering a profane adjective in a limited public forum violates the First Amendment. *Cass*, 814 F.3d at 728. Instead, he concedes that the Commissioners Court is a *limited* public forum, yet he suggests that strict scrutiny applies here the same as if it were a *traditional* or *designated* public forum. ECF No. 17 at ¶¶ 150; ECF No. 23, at pp. 20-24. This is incorrect. *Wenthold v. City of Farmers Branch,*

*Tex.*, No. 3:11–CV–0748–B, 2012 WL 467325, at \*7 (N.D. Tex. Feb.14, 2012), *aff'd*, 532 F. App'x 474 (5th Cir. 2013).

Restrictions on speech in a limited public forum are subject to a lower level of scrutiny than those in a traditional or designated public forum. *Id*. Such restrictions are governed by a viewpoint-neutral, reasonable standard. *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 757–58 (5th Cir. 2010); s*ee also Perry Educ. Ass'n v. Perry Local Educators Ass'n*, 400 U.S. 37, 45 (1983); *White,* 900 F.2d at 1426. Plaintiff fails to allege a view-point specific reason for which he was dismissed from the January 28, 2025 meeting. Instead, Plaintiff's First Amended Complaint states that he was removed from the meeting immediately after uttering the word "fucking." ECF No. 17 at ¶ 108.

No Supreme Court or Fifth Circuit case supports Plaintiff's First Amendment position, and the district courts within this Circuit have consistently allowed presiding officers in limited public forums to enforce reasonable rules of decorum. *See Stein*, 2023 WL 2700720, at \*5; *Gjemre*, 2015 WL 433506, at \*6 (presiding officer entitled to qualified immunity for ejecting disruptive speaker); *Wenthold*, 2012 WL 467325, at \*9; s*ee also Johnson v. City of Yoakum*, No 6:19-CV-00011, 2025 WL 2411605 at \*12, \*15 (S.D. Tex. August 19, 2025) (applying a balancing test that is less stringent than strict scrutiny).

Most of Plaintiff's cited authorities are inapposite because they concern traditional public or nonpublic forums. *See Beckerman v. City of Tupelo*, 664 F.2d 502 (5th Cir. 1981) (profanity in traditional public forum); *Cohen v. California*, 403 U.S. 15 (1971) (profanity on a jacket in a courtroom hallway); *Chaplinsky v. N.H.*, 315 U.S. 568 (1942) (offensive speech in traditional public forum); *City of Houston v. Hill*, 482 U.S. 451 (1987) (speech aimed at police officers in public); *Cornelius v. NAACP*, 473 U.S. 788 (1985) (nonpublic forum); *Perry Educ. Ass'n,* 460

U.S. at 45 (nonpublic forum). At best, Plaintiff's authorities illustrate that profanity may be protected *sometimes*, but none of Plaintiff's cases establish that the profanity he used on January 28, 2025 must *always* be protected, especially in a limited public forum. *Fairchild*, 597 F.3d at 757–58.

Furthermore, Defendants Driskell, George, and Sergeant Michael Jauss ("Jauss") merely escorted Plaintiff from the public meeting after Judge O'Hare ordered for him to be removed for violating decorum on January 28, 2025.[2] ECF No. 17 at ¶¶ 109, 117, 129, 157. *See Heaney*, 846 F.3d at 805 (officers properly removed person from city council meeting at mayor's request). *See Story,* 2023 WL 11969350, at *5; *see also Good News Club*, 533 U.S. at 106. Judge O'Hare acted only after Plaintiff uttered his gratuitous profanity, at which point O'Hare exercised his discretion to preserve order and civility by directing Plaintiff's removal. ECF No. 17 at ¶¶ 98, 106-10, 117, 129, 157. *See Stein*, 2023 WL 2700720, at *5; *Gjemre*, 2015 WL 433506, at *6; *White,* 900 F.2d at 1426; *Johnson*, 2025 WL 2411605, at *12–13.

Plaintiff provided this Court with no argument on a facial challenge to the rules of decorum.[3] ECF No. 23 at pp. 10, 19. *See Moody v. NetChoice, LLC*, 603 U.S. 707, 723 (2024). Additionally, Plaintiff did not provide the actual language from the rules of decorum that he now challenges as unconstitutional on their face. *See* ECF No. 17 at ¶ 101. Logically, this omission from Plaintiff's pleading of the precise rules of decorum is fatal to his facially unconstitutional First Amendment claim. *Moody*, 603 U.S. at 725-26. *See Iqbal*, 556 U.S. at 678.

---

[2] Plaintiff asserted no specific facts regarding Defendant Gabbert at the meeting on January 28, 2025, including whether she was even present. ECF No. 17, ¶¶ 72-125, 166-75.

[3] Plaintiff's failure to brief his *facial* challenge to the rules of decorum supports a finding that he has abandoned this claim. *Mays v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010). *See* ECF No. 21 at pp. 8-10.

Plaintiff mentions an as-applied challenge only in Response to the Defendant Deputies' Motion to Dismiss. *See* ECF No. 23 at p. 10 ("This selective enforcement further demonstrates that the rules of decorum were *applied* in a manner that infringed upon Mr. Grisham's constitutional rights."), p. 19 ("the precise rule [of decorum] . . . is material to the resolution of his *as-applied* First Amendment challenge") (emphasis added). Courts generally decide an as-applied challenge before a facial challenge because it is the narrower consideration. *Buchanan v. Alexander*, 919 F.3d 847, 852 (5th Cir. 2019). However, Plaintiff fails to provide any analysis as to how the Defendant Deputies have violated Plaintiff's First Amendment rights. *See* ECF No. 23 at pp. 10, 19. *See also Buchanan*, 919 F.3d at 852 ("Particularized facts are what allow a court to issue a narrowly tailored and circumscribed remedy.").

Plaintiff has not clearly established on materially identical facts that removing a speaker from a public meeting for uttering profanity will constitute a violation of the speaker's First Amendment rights. *White v. Pauly*, 580 U.S. 73, 79 (2017) (existing precedent must be particularized to the facts of the case); *Hershey v. City of Bossier City*, No. 21-30754, 2025 WL 2836908, *4 (5th Cir. Oct. 8, 2025) (per curiam) (Ho, J., concurring) (alleged violation of First Amendment); *Cass*, 814 F.3d at 730-31; *Meadours Ermel*, 483 F.3d 417, 421-22 (5th Cir. 2007). *See also* ECF No. 17 at ¶¶ 148-65. As a result, Plaintiff's First Amendment claim fails both prongs of the analysis, and each of the Defendant Deputies is entitled to qualified immunity. *Pearson*, 555 U.S. at 244; *Anderson*, 483 U.S. at 637-41; *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

**B. Plaintiff's First Amendment right to record was not sufficiently pleaded.**

Plaintiff claimed in a single paragraph that he had a First Amendment right to record and livestream his actions at Commissioners Court.[4] ECF No. 17 at ¶ 58. Plaintiff does not even identify which Defendant Deputies, if any, allegedly turned off his recording. *Id. See also Jimerson*

---

[4] The Fifth Circuit has held that citizens have a First Amendment right to record *police* in the performance of their duties, but not *public officials. Turner v. Driver*, 848 F.3d 689-90 (5th Cir. 2017).

*v. Lewis*, 94 F.4th 423, 428 (5th Cir. 2024) (plaintiff seeking to overcome qualified immunity must specifically identify each defendant's personal involvement in the alleged wrongdoing). Because Plaintiff failed to specifically identify any of the Defendant Deputies as having turned off his cell phone while he was recording, the Court should dismiss any First Amendment right to record claim based on their qualified immunity. *Iqbal,* 556 U.S. at 678; *Jimerson*, 94 F.4th at 428; Fed. R. Civ. P. 12(b)(6).

### C. Plaintiff Did Not Adequately Allege a Second Amendment Violation.

The Defendant Deputies also are entitled to qualified immunity for prohibiting Plaintiff from entering the Commissioners Court meeting with a handgun on January 14, 2025, because their actions did not violate his Second Amendment rights. ECF No. 17 at ¶¶ 72-125, 166-75. Rather, because the Defendant Deputies' actions were reasonable under the totality of the circumstances, including the good faith belief by Driskell, who previously had sought verification from TCOLE, that Plaintiff was neither a retired federal law enforcement officer nor an LTC holder.[5] *United States v. Sanders*, 994 F.2d 200, 206 (5th Cir. 1993); *Turner v. Driver,* 848 F.3d 678, 693 (5th Cir. 2017) (citing *Florida v. Royer*, 460 U.S. 491, 500 (1983)). Chief Driskell specifically told Plaintiff that he did not consider Plaintiff to be a licensed peace officer. ECF No. 17 at ¶¶ 30-32. Plaintiff alleged in his First Amended Complaint that Defendant Driskell *did* believe his credentials were fake, stating "I don't care. You can [generate] your own little badge and that's fine." ECF No. 17 at ¶ 31. *See also* ECF No. 17 at ¶ 32. Therefore, Plaintiff's own First Amended Complaint establishes that Chief Driskell did not believe Plaintiff's claimed status as a law enforcement officer.[6] *Id*. at ¶¶ 30-32.

---

[5] A retired federal law enforcement officer -- "LEOSA," in Plaintiff's parlance – is allowed to carry a handgun into a public meeting pursuant to Tex. Penal Code § 46.15(a)(5), and an LTC holder is allowed to carry a handgun into a public meeting pursuant to Tex. Penal Code § 46.15(b)(6).

[6] Plaintiff asserted no specific facts regarding Defendant Jauss at the meeting on January 14, 2025, including whether he was even present. ECF No. 17, ¶¶ 19-71, 166-75.

Plaintiff completely misreads the notice provision in Texas Penal Code § 46.03 with regard to an open meeting when he states that, "because there was no proper, legally mandated signage, there was no authority to even detain Plaintiff." ECF No. 23 at p. 14. According to this argument, set forth in more detail in his reply to Tarrant County's Motion to Dismiss the First Amended Complaint, Section 46.03 "prohibits carry 'in the room or rooms where a meeting of a governmental entity is held, if the meeting is an open meeting subject to Chapter 551, Government Code, and if the entity provided notice as required by **[Section 30.06 or 30.07]**.'" ECF No. 21 at p. 3 (emphasis added). Plaintiff contends that Tarrant County did not provide adequate notice that handguns were prohibited from the Commissioners Court meeting because there were no signs in compliance with Texas Penal Code §§ 30.06 or 30.07. *See* ECF No. 21 at pp. 2-3.

However, the bracketed portion of Plaintiff's recitation is ***not*** in Section 46.03. Rather, Section 46.03(a)(14) states that a person commits an offense if they carry a firearm "in the room or rooms where a meeting of a governmental entity is held, if the meeting is an open meeting subject to Chapter 551, Government Code, and if the entity provided notice as required **by that chapter** [i.e., by Chapter 551 of the Texas Government Code]." In other words, Plaintiff improperly inserted a reference to "Section 30.06 or 30.07" into Section 46.03(a)(14) where it does not exist; rather, as long as the open meeting was noticed *pursuant to Tex. Gov't Code §§ 551.041 -- .043*, then firearms would be prohibited from the open meeting – even without the specific notices set forth in Sections 30.06 or 30.07 – as long as no other exception applies to allow a person to carry a handgun into an open meeting. There simply is no requirement in Chapter 551 or Tex. Penal Code § 46.03(a)(14) that any sign prohibiting firearms at a public meeting must comply with Tex. Penal Code §§ 30.06 or 30.07. *See* Tex. Penal Code §

7

46.03(a)(14); Tex. Gov't Code §§ 551.041 -- .043. *See* ECF No. 17 at p. 15 (notice of prohibition of firearms at Commissioners Court in photo was sufficient).

Furthermore, Plaintiff cites no relevant authority for his contention that a peace officer must have reasonable suspicion of any offense before asking an LTC holder to show his license. *See* Tex. Gov't Code § 411.205(1). *See* ECF No. 23 at pp. 14-19. Plaintiff also cites no relevant authority for his contention that he had to be under arrest before the Defendant Deputies could ask him to show his LTC license. *See* Tex. Gov't Code § 411.205(1). *See generally* ECF No. 23 at pp. 14-19. In fact, Section 411.207 allowed the Defendant Deputies to disarm Plaintiff if they believed it was necessary for the protection of the Plaintiff, the Deputies or any other individual. *See* Tex. Gov't Code § 411.207(a). Therefore, the Defendant Deputies' inquiry into Plaintiff's ability to carry a handgun into a public meeting was legally permissible under the circumstances. *Sanders*, 994 F.2d at 206.

Based on the totality of the circumstances surrounding their encounter with Plaintiff outside of the Commissioners Courtroom on January 14, 2025, the Defendant Deputies were justified in detaining Plaintiff and temporarily placing him in handcuffs to determine if he was violating Chapter 411 or any criminal laws. ECF No. 17 at ¶¶ 25, 27-33, 35-36, 65-67 (including photo on p. 13). *See Sanders*, 994 F.2d at 206; *see also Navarette v. Cal.*, 572 U.S. 393, 397 (2014) (courts must consider the totality of circumstances to determine whether an officer could infer that a particular suspect acted or was about to act unlawfully); *Arvizu*, 534 U.S. at 273. Even if the Defendant Deputies were mistaken, they were reasonable in believing their actions were justified. *See* ECF No. 17 at ¶¶ 25, 27-31, 54, 60, 64-66. *See Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000), *reh'g denied en banc*, 226 F.3d 645 (5th Cir. 2000), *cert. denied*, 531 U.S. 1071 (2001) (officers entitled to qualified immunity even if they were mistaken but acted reasonably); *Hare v. City of Corinth, Miss.,* 135 F.3d 320, 325 (5th Cir. 1998); *Westlake v. Luna*, 903 F.3d 534, 543-44 (5th Cir. 2018).

**D. Plaintiff's Fourth Amendment claim does not defeat the Deputies' qualified immunity.**

Based on the totality of the circumstances surrounding their encounter with Plaintiff outside of the Commissioner Courtroom on January 14, 2025, the Defendant Deputies were justified in detaining Plaintiff and disarming him, temporarily, to determine if he was violating Chapter 411 or any criminal laws. *See Navarette v. California*, 572 U.S. 393, 397 (2014) (courts must consider the totality of circumstances to determine whether an officer could infer that a particular suspect acted or was about to act unlawfully); *United States v. Arvizu*, 534 U.S. 266, 273 (2002). When Plaintiff decided to leave the premises after appealing unsuccessfully to Sheriff Waybourn on January 14, 2025, the interaction between Plaintiff and the Defendant deputies concluded, and he departed without further incident, with his handgun. ECF No. 17 at ¶¶ 65-67. This scenario does not plausibly allege a false arrest under the Fourth Amendment or a Second Amendment violation. ECF No. 17 at ¶¶ 128, 172. *See Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

Plaintiff also failed to plead a viable Fourth Amendment claim from the January 28, 2025, meeting. Defendants Driskell, George, Gabbert and Jauss allegedly "threatened to arrest Plaintiff while he was attempting to exercise his First Amendment right to attend an open meeting to express his grievance on a matter of public concern." ECF No. 17 at ¶¶ 117, 129, 157. However, the Defendant Deputies acted within the scope of their official duties to preserve order and peace during the second Commissioners Court session. *See Ristow v. Hansen*, 719 F. App'x 359, 363 n.17 (5th Cir. 2018) (mere *threat* of arrest is not a Fourth Amendment violation). It was objectively reasonable for the Defendant Deputies to respond to the County Judge's request to remove Plaintiff from the courtroom. *See Heaney*, 846 F.3d at 805. As a result, there is no plausibly pleaded Fourth Amendment claim arising from the actions of the Defendant Deputies in escorting Plaintiff from the meeting on January 28, 2025. ECF No. 17, ¶¶ 109, 117, 129, 157.

9

Therefore, Plaintiff failed to plausibly plead a Fourth Amendment violation against the Defendant Deputies for false arrest on either January 14, 2025, or January 28, 2025. *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

## II.     PRAYER

Plaintiff failed to plausibly allege any constitutional violations that will defeat each Defendant Deputies' assertion of qualified immunity, so his claims against them should be dismissed for failure to state a claim.

Respectfully submitted,

*/s/ Katherine E. Owens*
**Katherine E. Owens**
State Bar No. 24081683
keowens@tarrantcountytx.gov
**Craig M. Price**
State Bar No. 16284170
cmprice@tarrantcountytx.gov
Assistant Criminal District Attorneys

**PHIL SORRELLS**

CRIMINAL DISTRICT ATTORNEY
TARRANT COUNTY, TEXAS
Tarrant County Criminal District Attorney's Office
Tim Curry Criminal Justice Center
401 W. Belknap, 9th Floor
Fort Worth, Texas 76196
817-884-1409 – Telephone
817-884-1675 – Facsimile

**ATTORNEYS FOR THE DEFENDANT DEPUTIES**

**<u>CERTIFICATE OF SERVICE</u>**

On December 9, 2025, I served a copy of the above document on all counsel of record via ECF.


/s/ *Katherine E. Owens*